THE VILLAGE OF WINNETKA

*v.*

ANNIE E. PROUTY.

*Filed at Ottawa June 16, 1883.*

1. DEDICATION—*what essential thereto.* To make a good dedication, either under the statute or at common law, there should be a definite and certain description of that which is proposed to be dedicated, and an acceptance by the public before the withdrawal or abandonment of the offer to dedicate.

2. SAME—*plats of towns and villages—of the requisite certainty in description.* The statute in force in 1858 relating to plats of towns and villages, required that such plat or map should particularly describe and set forth all the streets, alleys, commons or public grounds, etc., giving the names, width, corners, boundaries and extent of all such streets and alleys; and the plat thus made out, acknowledged and recorded, as required, had the force of a conveyance, vesting the fee simple of the streets, etc., in the town or city.

3. A plat of a village recorded in 1858 contained lines indicating blocks, with spaces between them, probably intended for streets, but no streets were named, and no length or width of the spaces between the blocks, or any scale, was given by which the streets could be ascertained and located: *Held,* that where the owner of adjoining blocks had fenced the same, including the unknown space between, and such inclosure had been maintained for over twenty years without complaint, the village authorities were properly enjoined from opening the supposed street through such inclosure, as no surveyor could, from the plat, find the limits of the street.

4. SAME—*presumed to the extent used.* Where the public have taken possession of a street, and improved and used it to a particular width, a dedication, (the other requisites thereto existing,) it seems, will be presumed coëxtensive with the improvement and use.

5. SAME—*abandonment.* Where a village was laid out, in 1855, into blocks and streets, but the plat failing to give the length or width of the streets, and the owner of two adjacent blocks, in 1861, fenced them, including the space designed for a street between them, and the public authorities acquiesced in such inclosure of the street for twenty years, built sidewalks, and dug a ditch across the street near where it was inclosed, the court was inclined to the belief that even if the plat had been free from objection, there was such an abandonment by the public as would preclude the opening of the street.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Messrs. WINDES & SULLIVAN, and Mr. EDWARD ROBY, for the appellant:

The making, acknowledging and recording of the two plats conveyed the fee of all the streets appearing thereon.   *Trustees* v. *Haven*, 11 Ill. 554; *Gebhart* v. *Reeves*, 75 id. 303; *St. John* v. *Quitzow*, 72 id. 336.

The sale and conveyance of blocks with reference to Peck's plat were a recognition of the plat, and amounted to a dedication of the whole of the streets at common law, which was irrevocable.   Angell on Highways, sec. 149; Washburn on Easements, (3d ed.) 195, 204, 206; *Rowan's Exrs.* v. *Portland*, 8 B. Mon. 232; *Augusta* v. *Perkins*, id. 207; *Stone* v. *Brooks*, 35 Cal. 489; *Schenley* v. *Commonwealth*, 36 Pa. St. 62; *Carter* v. *City of Portland*, 4 Oregon, 339; *Winona* v. *Huff*, 11 Minn. 119; *Huber* v. *Gazley*, 18 Ohio, 18; *Logansport* v. *Dunn*, 8 Ind. 378; *Abbott* v. *Mills*, 3 Vt. 526; *United States* v. *Chicago*, 7 How. 185; *Zearing* v. *Raber*, 74 Ill. 409; *Proctor* v. *Town of Lewiston*, 25 id. 153; *Gridley* v. *Hopkins*, 84 id. 530; *Field* v. *Carr*, 59 id. 198; *Trustees* v. *Walsh*, 57 id. 367; *Smith* v. *Town of Flora*, 64 id. 93; *Den* v. *Dummer*, 20 N. J. L. 86; *Trustees, etc.* v. *Hoboken*, 33 id. 13; *Wyman* v. *Mayor*, 11 Wend. 487; *Matter of Thirty-second Street*, 19 id. 130; *City of Dubuque* v. *Maloney*, 9 Iowa, 455; *Vick* v. *Mayor, etc. of Vicksburg*, 1 How. (Miss.) 432; *Trustees of Watertown* v. *Cowen*, 4 Paige, 512; *Village of Mankato* v. *Willard*, 13 Minn. 18; *Haynes* v. *Thomas*, 7 Ind. 43; *West Covington* v. *Freking*, 8 Bush, 127.

An acceptance of a part is an acceptance of the whole. Comyn's Digest, "Seizin;" 3 Washburn on Real Prop. *485; *Dills* v. *Hubbard*, 21 Ill. 328; *Davis* v. *Easly*, 13 id. 200; *Turney* v. *Chamberlain*, 15 id. 273; *Mayor* v. *Morris Canal,*

1 Beasley, 547; *Henshaw* v. *Hunting*, 1 Gray, 203; *Town of Derby* v. *Alling*, 40 Conn. 431.

Acceptance may be at any time before a proffered dedication is withdrawn. *Smith* v. *Town of Flora*, 64 Ill. 96; *Simmons* v. *Cornell*, 1 R. I. 519; *Carter* v. *City of Portland*, 4 Oregon, 348; *Trustees, etc.* v. *Hoboken*, 33 N. J. L. 13; *Mayor* v. *Morris Canal*, 1 Beasley, 553; *Barclay* v. *Howell's Lessees*, 6 Pet. 506.

A mere non-user will not prevent the people from asserting their rights. *Laches* does not estop, nor the Statute of Limitations run against, the people. *Galbraith* v. *Littiech*, 73 Ill. 212.

A substantial compliance with the statute is sufficient. *Thomas* v. *Eckard*, 88 Ill. 593; *Chiniqui* v. *Catholic Bishop*, 41 id. 152; *Stuart* v. *Dutton*, 39 id. 93; *Louisville* v. *Pearson*, 39 id. 447; *Delaney* v. *Burnett*, 4 Gilm. 489.

Mr. FRANK J. SMITH, and Mr. F. A. HELMER, for the appellee:

A complete non-user for twenty years, and a use inconsistent with its use as a street, work an abandonment. *City of Peoria* v. *Johnston*, 56 Ill. 45; 3 Kent's Com. 448; *Corning* v. *Gould*, 16 Wend. 531; *Knight* v. *Heaton*, 22 Vt. 480; *Yeacle* v. *Nace*, 2 Whart. 22.

The plat conveyed no fee to the public. *Village of Fulton* v. *Mehrenfeld*, 8 Ohio St. 444; *Trustees* v. *Walsh*, 57 Ill. 370.

A dedication remains inchoate until accepted. *Village of Fulton* v. *Mehrenfeld*, 8 Ohio St. 444; Angell on Highways, 173, 179; *David et al.* v. *Municipality No. 2*, 14 La. Ann. 887; *Gentleman* v. *Soule*, 32 Ill. 279; *Trustees* v. *Walsh*, 57 id. 371; *Wragg* v. *Penn Township*, 94 id. 25; *Rees* v. *Chicago*, 38 id. 336; *Hiner* v. *Jeanpert*, 65 id. 430; *Marcy* v. *Taylor*, 19 id. 637.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in chancery, by Annie E. Prouty, against the village of Winnetka, to enjoin the entering of a certain inclosure for the purpose of opening a street. The decree was in accordance with the prayer of the bill. This appeal is from that decision.

The right to enter the inclosure and open the street is claimed by the village by virtue of a dedication by a plat made by Charles E. Peck in 1855, and acknowledged by him and recorded in the proper office on the 1st day of March, 1858. The plat in evidence, and by virtue of which the dedication is claimed, is headed "Plan of Winnetka, Cook county, Illinois," and then follow lines indicating blocks, with spaces between them, probably intended to represent streets; but no streets are named or mentioned, and no length or width of the spaces between the blocks is given, nor have we been able to find any other measurements or scale from which they could be ascertained. It is true in a few instances the figures "66" are written at the head of and in the vacant spaces between the blocks, but nothing is annexed to indicate what the "66" stands for, and even this is omitted in the vacant space between the blocks owned by complainant, and which is supposed to represent the street or strip of ground here in controversy. In each of the vacant spaces between the blocks there are three lines, two in black ink and one in red, the red line being in the center. The quantity, in acres, of each block is given in figures written in red ink on the face of the block, and the lengths of the lines given in figures seem to be of the red lines only. So the quantities, we must assume, include all within the red lines, thus leaving no intervening space for streets. The following is, substantially, a copy of so much of the plat in question as is material to the present case:

There is no scale of the measurements represented, or claimed to be represented, by the plat, nor any explanations accompanying it, other than such as here appear upon the face of the plat. The certificate of the surveyor is simply that he surveyed and subdivided a tract of land, described specifically, "into seventy-one blocks and streets, as represented on the above plat," without further explanation.

On the 16th of March, 1859, Charles E. Peck conveyed blocks 24 and 25, as thus represented, to D. M. P. Davis. The evidence sufficiently shows, as we think, that Davis, in

1861, inclosed these blocks by a fence extending around both, and including with the blocks any intermediate territory, if there was such, in a common inclosure. There is a conflict in the evidence in regard to when this fence was built, but we think the witnesses less likely to be mistaken sustain the view we have expressed. We do not, however, consider this conflict, in the view we take of the case, of much importance. All the witnesses agree that the blocks and intermediate territory, if there was such, were thus inclosed as early as 1865, that the inclosure has thus remained ever since, and that there was no attempt to open or improve the street prior to that time. Fruit and ornamental trees were planted in the supposed street or strip between the blocks, which have grown to a large size, and the village authorities have erected and maintained sidewalks continuously across the north and south ends of these blocks, and any intervening strip or street there may be between them, and have also dug and maintained a ditch at the side of the street which lies at the north end of the blocks, parallel with the sidewalk, and the sidewalk and ditch effectually obstruct passage from the street to the supposed strip or street between the blocks. Complainant has title through a series of *mesne* conveyances from Davis to these blocks, except the north 211 feet, and Edward R. Blake has title to that; and Peck has also quitclaimed to appellant any interest he may have in the strip or street between so much of the blocks as is owned by appellant, by deed dated October 20, 1881. The inclosure has remained, as before described, continuously for more than twenty-one years,— assuming the fence to have been built in 1861,—and at no time has the village had, or assumed to take, possession of any territory between the blocks.

To make a good dedication, either under the statute or at the common law, requires a definite and certain description of that which is proposed to be dedicated, and an acceptance by the public before the withdrawal or abandonment of the

offer to dedicate. (*Littler* v. *City of Lincoln*, 106 Ill. 353 ; *Trustees, etc.* v. *Walsh*, 57 id. 370.) The statute in force when this plat was made and acknowledged, provided that "the plat or map shall particularly describe and set forth all the streets, alleys, commons or public grounds, and all in and out-lots, or fractional lots, within, adjoining or adjacent to said town, giving the names, widths, corners, boundaries and extent of all such streets and alleys." (1 Purple's Stat. pp. 175, 176, sec. 17.) And it is the plat or map thus made out, and acknowledged and recorded as required by the act, that shall constitute a conveyance vesting the fee simple of the streets, alleys, etc., in the town or city, etc. Id. sec. 21.

An instrument of conveyance ought, upon its face, to show at least enough to enable a competent surveyor to find, with absolute certainty, that which is assumed to be conveyed. But how can a surveyor tell where the limits of streets are unless he knows their width, or has before him data from which he can ascertain it? It is not shown by anything upon or connected with this plat, that we have been able to discover, what is the width of any of the streets proposed to be laid out, much less whether it is intended all the streets shall be of the same width, or what width was proposed to be given to the particular street in controversy. Some general inference, it is possible, might be drawn from the width of streets in general, or from the width of other streets known and established in the village, but this is manifestly not sufficient. The width of the streets of all villages, towns or cities is not necessarily the same ; nor are all of the streets in the same village, town or city necessarily of the same width. It may be conceded, where the public have taken possession of a street and improved and used it to a particular width, a dedication (other requisites thereto existing) will be presumed coextensive with the improvement and use ; but that can have no application here, where there has been no improvement or use.

There is proof of admissions of those in possession of this strip or street that there was a street there, but in none of them are any limits given from which it could be, with precision, defined and laid out. In no view, however, could they be regarded as curing the omission in the plat. They referred only to a supposed existing state of facts. In no instance was language proved purporting to dedicate anew.

There was, therefore, as we understand this record, no definite statutory dedication of any particular quantity of ground for this street, and the proof fails to show a sufficient offer to dedicate any definite quantity, or such an acceptance of any offer in that regard as is necessary to constitute a common law dedication. Indeed, we are inclined to the belief that if the proof in respect of the plat were free of objection, the evidence shows such an abandonment by the public as would now preclude the opening of the street. See *Peoria* v. *Johnston*, 56 Ill. 51; *Champlin* v. *Morgan*, 20 id. 182; *Town of Lewiston* v. *Proctor*, 27 id. 418; *Littler* v. *City of Lincoln*, 106 id. 353.

An objection was urged against the plat on the ground that it was acknowledged improperly. If we have correctly understood the plat, and it is as we have stated, that question is immaterial, and we therefore forbear the expression of any opinion upon it.

It may be that there are block owners on other parts of this street who, as against Peck or his assignees, are entitled to have the street adjacent to their blocks kept open,—that Peck and his assignees are estopped to deny the existence of the street as respects their property. But we have held that the only property right which owners have in streets, as distinct from the public rights, is the right of access. (*Chicago* v. *Union Building Association*, 102 Ill. 379.) No such right is here affected, for the whole of these blocks were fenced in the first instance, and notwithstanding the change of ownership, the inclosure, as then made, has continued ever since.

15—107 ILL.

Blake, the owner of the north 211 feet, claims, as he shows in his testimony, the ownership of any strip or street that there may be between that part of the blocks, and it is not shown, and it can not be presumed, that the owners of blocks in other parts of the street are or can be affected in their access to their property by the failure to open this part of the street. In any event, however, for an injury to a purely private right the private party is alone entitled to sue. The village is only entitled to represent the public. *Village of Fulton* v. *Mehrenfeld*, 8 Ohio St. 446; *Badeau* v. *Mead*, 14 Barb. 339.

The judgment is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SHELDON, dissenting.