HOLMES *et ux. vs.* JONES *et ux.*

1. The obstruction of a private way is a private nuisance, for the abatement of which the magistrate of the district has jurisdiction, though the ordinary may also have concurrent jurisdiction.
2. Whether a way in use at the time lands were divided amongst the heirs at law of the deceased proprietor of an extensive tract, was, in fact, a way of necessity, and so regarded by the parties at interest, and whether its continuous use was contemplated, and whether it was subsequently abandoned in consequence of the opening and the use for a time of a new way, are all questions of fact, and in the present case they were well decided by the appropriate tribunal.

May 14, 1888.

Private ways. Jurisdiction. Justice courts. Ordinary. Before Judge FAIN. Dade superior court. September term, 1887.

Reported in the decision.

W. U. & J. P. JACOWAY, by R. J. McCAMY, for plaintiffs in error.

LUMPKIN & BROCK, by brief, *contra.*

BLECKLEY, Chief Justice.

Certain real estate, embracing one or more plantations, belonged to an intestate, and during the lifetime of the intestate, a certain road had been kept open for a great many years, as a way to reach the public road from the home settlement on the premises. The property was divided amongst the heirs at law; and at the time of the division this road was open and used. It continued open for some time afterwards, and then another road was opened, for temporary use the evidence indicates; and after it had been used some two years, the old way was closed by the outer proprietors, the ones next to the public road; the inner man, the one that occupied the old home-

stead, was excluded from its use by an obstruction; and he sued out a process before the magistracy of his district to abate this obstruction as a nuisance. Evidence was taken, and the jury found that it was a nuisance and should be abated. That was carried to the superior court by *certiorari*, and the *certiorari*, upon a hearing, was overruled or dismissed, the judgment below being thereby affirmed.

1. The question is made, in the argument, that there was no jurisdiction in this magistracy to proceed as to such a road as this. We think otherwise. The jurisdiction may have been concurrent in the ordinary, possibly, but it is the case of a private nuisance, and falls within the statute, as has been ruled heretofore by this court, for abatement in this method.

2. Then it is said that there was no legal right of way in favor of this inner proprietor. That would depend, of course, upon the facts. If at the time of the division of this property, it was in the contemplation of all these parties that this road should remain where it was, it was treated as a way of necessity, and ought to have been permanent, and the proprietors next to the public road would have no right to close it. That was one of the questions for the jury. The jury found that it was a way and continued to be a way; and they passed also on the question of its abandonment and the temporary substitution of the new road for it. All these were matters of fact for the jury, which they seem to have decided, and well decided, in favor of the complainant below, the party that instituted proceedings to remove the obstruction. We think the court did right in leaving their verdict to stand

Judgment affirmed.