## GASTON *v.* GAINESVILLE AND DAHLONEGA ELECTRIC RAILWAY COMPANY, and *vice versa.*

1. *Where a right of way is granted to a railroad company, without any designation of the route in the deed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the route granted.

2. The evidence to establish a forfeiture of an easement by abandonment or nonuser must be decisive and unequivocal.

3. Abandonment is a mixed question of law and fact.    It is competent for a witness to give the facts relied on to show abandonment, and the conclusion from these facts is for the jury.    A witness should not be allowed to testify that an easement has been abandoned, without giving the facts.

4. It is competent for the owner of a right of way to testify that he has conveyed to the defendant in a trespass suit, by an instrument of writing, the right to use and occupy the disputed premises.    The purpose and effect of such testimony is to show that the defendant is not a trespasser.

5. An erroneous charge, restricted by the context from being prejudicial to the losing party, will not be a ground of reversal, where the law applicable to the case is fully and clearly given, and the evidence preponderates with the verdict.

Argued May 23, — Decided July 12, 1904.  Rehearing denied July 19, 1904.

Action for damages.    Before Judge Kimsey.    Hall superior court.    September 7, 1903.

*J. O. Adams, Hubert Estes,* and *W. R. Hammond,* for plaintiff. *H. H. Dean,* for defendant.

EVANS, J.    On December 10, 1879, J. B. Gaston executed to the Gainesville & Dahlonega Railroad Company the following instrument :    "State of Georgia, Hall County.    In consideration of

the benefit and advantage to me accruing by construction of the Gainesville & Dahlonega Railroad Co., as well as the receipt of five dollars to me paid, I have this day bargained and sold, and do hereby transfer and convey, unto the Gainesville & Dahlonega Railroad Company, and its successors and assigns, all the land necessary for road-bed and other earth to construct said railroad on each side of the track or roadway, measuring from the center any portion of land hereinafter described through which said railroad may be constructed, run, and operated. The land hereby conveyed being cut off a portion of city lot in Gainesville, adjoining the Presbyterian Church, beginning on Lawrenceville Street, reserving timber and minerals. To have and to hold said tract or parcel of land unto said Gainesville & Dahlonega Railroad Company for railroad purposes, forever in fee simple. Witness my hand and seal this 10th day of December, 1879." This instrument was signed, sealed, and delivered in the presence of two subscribing witnesses. The grantee located a right of way through the land of Gaston, making necessary excavations, etc., to lay its track over this land. This company afterwards became insolvent, and all of its assets were sold at receiver's sale and purchased by W. P. Price. The receiver made Price a deed to all the property and franchises of the corporation. Price took up the iron across this land, after his purchase, and sold it. Subsequently Price gave permission to the new corporation, the defendant in the present suit, to enter upon the old grade and construct upon it the track of the defendant company. The defendant, on this authority, entered upon the old road-bed which had been located through the plaintiff's property, and established the grade preparatory to laying the track of the railroad. Gaston sues for the alleged trespass. The case was submitted to the jury mainly on the question of fact as to whether the rights of the defendant under the conveyances above mentioned had been lost from abandonment or forfeited from non-user. Upon this subject there was a conflict of evidence. The verdict was in the defendant's favor. The plaintiff made a motion for a new trial, to the overruling of which he assigns error.

1. The court construed the instrument from Gaston to the Gainesville and Dahlonega Railroad Company to be a conveyance of an easement to the right of way through the land therein de-

scribed. The specific route through the grantor's land was not described, but occupancy of the particular route by the grantee, either with the consent or without the objection of the grantor, served to locate the route, and the grant operated on the route thus located. Wynkoop *v.* Burge, 12 Johns 222. Nothing in this conveyance indicates any intention on the part of the grantor to terminate the grant upon the non-performance of any condition subsequent. The right to construct the railroad over the right of way granted is absolute, and the tenure of the grantee's title is limited only to the use of the land "for railroad purposes." The consideration recited is the benefit and advantage accruing to the grantor by the construction of the "Gainesville & Dahlonega Railroad Co." and five dollars. The payment of the five dollars is denied; this is immaterial, as the grantor could have collected the same by suit. The instrument was the conveyance of an easement; it passed to the grantee the right to construct a railroad through the land therein described, which right was actually asserted by the grading and building of a railroad track. The grantee acquired such an estate in the right of way as was alienable. The receiver of the old Gainesville and Dahlonega Railroad Company took possession of all the property and the franchises, and under prior order of court sold and conveyed the same by deed to W. P. Price. The present railroad company entered upon the land in controversy, and is now constructing a railroad by express permission of W. P. Price.

2. Unless there has been abandonment of the easement or it has become forfeited by non-user, the plaintiff has no right to the same. An easement created by deed is not forfeited by mere non-user or abandonment, when the non-user or abandonment has not continued for a term sufficient to raise the presumption of release or abandonment. Civil Code, § 3068. Abandonment must be evidenced by some decisive and unequivocal act, before a forfeiture will be declared. Nor will an easement be forfeited by non-user unless the lapse of time has been so great as to manifest that the parties at interest had no intention ever to claim or use the right. *Ford* v. *Harris*, 95 *Ga.* 97. Whether the easement had been forfeited by abandonment or non-user was submitted to the jury under proper instructions, and the evidence authorized the finding that the easement had not been forfeited.

3. Abandonment is largely a question of intent. *Holmes* v. *Jones*, 80 *Ga.* 659. This intent is inferable from the acts of the parties, interpreted in the light of all the surroundings. It is competent to prove the acts and conduct of the owner of the easement, as well as any other pertinent circumstances, to aid the jury in inferring whether such acts and conduct were done with the intent that there should be not only a cesser of use, but also that such cesser of use amounted to an abandonment of the right to use. Abandonment is a mixed question of law and fact. A witness may state the facts relied on to support the legal conclusion that the easement has been abandoned; but for him to attempt to state that the owner has abandoned the right to the easement is to state a conclusion of law. • The court properly sustained the objection to the question asked the witness if the owner had abandoned the right of way. The witness should have stated the facts and left the inference to the jury.

4. The owner of the right of way could make any use of it he thought proper, not inconsistent with the terms of his grant. He could, by parol, license another to do any act which he himself could do. The act of the licensee would be the act of the licensor. There was no error in admitting the testimony of the witness W. P. Price that he had conveyed to defendant, by an instrument of writing satisfactory to himself, his right to use the premises in controversy. While inadmissible to establish the existence of a written deed, this testimony tended to show defendant was not a trespasser, but was in possession by permission of the real owner.

5. The exception to the charge complained of in the sixth assignment of error was on the ground that it made it incumbent on the plaintiff to make known his adverse claim before he would be entitled to sue. The charge excepted to is as follows: "There may have been some injury by the old company and some by the new company. That would be for you to determine from the evidence; the court don't know how that is. On that subject I charge you that if Judge Gaston merely occupied a part of the said right of way, or fenced around his lot, and it crossed said right of way, and gave no notice to the parties holding title of his claiming the same adversely, he could never regain the title and would have no right to sue for damages for opening of said right

of way for railroad purposes." This extract from the charge was a part of the court's instruction that the new company was not liable for any trespass committed by the old company. Plaintiff in error contended in the court below, and also in this court, that the conveyance from Gaston to the Gainesville & Dahlonega Railroad Company created an estate on condition subsequent, and that whatever title passed by the instrument had become forfeited because of the non-performance of the condition subsequent. The trial court disagreed with the plaintiff in error in his construction, and submitted the case to the jury under instructions that the instrument in question created an easement, and unless the easement had been forfeited by abandonment or non-user, the plaintiff could not recover. In giving this charge the court evidently had in mind this contention of the plaintiff in error, and the charge was formulated on that theory. It was not adapted to the case, and also erroneously stated the law applicable to the plaintiff's construction of the conveyance. But unless this charge was harmful to the plaintiff, the verdict should not be set aside. The charge of the court was full and elaborate; the jury were informed that the plaintiff's conveyance to the railroad company created an easement; that unless that easement was forfeited, the plaintiff could not recover; and that abandonment and non-user were the main elements in the case. Notwithstanding the charge elaborately dealt with the law applicable to forfeiture resulting from abandonment and non-user, this is the only portion which is criticised. The charge excepted to was injected into the instruction limiting the plaintiff's recovery to such trespass as may have been committed by the defendant. So fully was the real issue stated and the appropriate law given that the jury could not have been confused or misled by the charge complained of. And as the verdict is supported by a preponderance of the evidence, a new trial will not be granted because of a misdirection which could not have influenced the jury in arriving at their verdict.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*