## KELSOE *v.* TOWN OF OGLETHORPE.

1. Before a municipality can acquire by dedication an easement over a tract of land, for use by the public as a street, there must be an acceptance of the easement by the municipality.

2. Such acceptance may be shown by proof that the municipal authorities assumed control over the street; but acceptance will not be implied as to a portion of a street laid out by the owner of the land but over which the municipal authorities did not undertake to exercise any control.

3. While prescription does not run against a municipal corporation with respect to land granted to it for the use of the public, yet a municipal corporation may, by abandonment, relinquish its control over a street which has been dedicated to it for public use.

4. Under the evidence submitted to the trial judge, it was error to refuse an interlocutory injunction.

Argued July 16, — Decided August 12, 1904.

Petition for injunction. Before Judge Littlejohn. Macon superior court. June 6, 1904.

*Joseph H. Hall*, for plaintiff, cited *Ga. R.* 27/502; 44/529; 45/342, 352; 73/449; 30 La. Ann. 64.

*Davis & Turner*, for defendant, cited Acts 1851–2, p. 398; §§ 1,15; *Ga. R.* 116/313; 120/516; Tied. Mun. Corp. § 312.

EVANS, J. Mrs. M. M. Kelsoe instituted an equitable proceeding against the Town of Oglethorpe, to enjoin the defendant from opening and improving certain streets over land to which she claimed the absolute title. The defendant denied that the plaintiff had title to the land over which the municipal authorities had undertaken to lay out these streets; and alleged, that in 1849 Judge E. G. Cabaniss, who was then the owner of the land claimed by the plaintiff, as well as of the land now occupied by the town of Oglethorpe, made a plan and map dividing his land into squares, streets, and alleys, that lots were sold with reference to such plan and map, and that the streets now sought to be opened were streets which were defined in said map and which had been dedicated to the municipality for the use of the public. The defendant further pleaded, that in a former suit between it and the plaintiff, the merits of the present controversy were adjudicated adversely to her, and that she was concluded by the judgment rendered in that suit. On the hearing before the court for an interlocutory injunction, the following facts were made to appear: In 1849 Judge E. G. Cabaniss was the owner of a large tract of land, and in that year had it surveyed and platted into town squares, streets, and alleys. Some of the lots in these squares were sold at public outcry with reference to a map made in accordance with said survey. Within the limits of the land claimed by Mrs. Kelsoe, streets were laid off on this map, but none of these streets have been used by the public within the past forty years, nor has the municipality at any time during that period exercised any control over the same. In 1877 Mrs. Kelsoe purchased her land from W. B. Hill, who held title under Cabaniss and his grantees. In the deed from Hill to Mrs. Kelsoe, two of the boundaries of the land she purchased were named to be Macon and Crescent streets. At that time the land was enclosed and had been cultivated as a farm by her predecessors in title for at

least thirteen years. Since her purchase she has been in the actual, open, peaceable, and exclusive possession of the land, cultivating it as a farm, without let or hindrance on the part of the Town of Oglethorpe or any person whomsoever. The streets which were sought to be opened by the town authorities were the same streets which had been laid off and defined in the Cabaniss map. There was also evidence to the effect that Judge Cabaniss had undertaken to make a dedication to the Town of Oglethorpe of all of the streets shown on this map, for use by the public. But no express acceptance by the municipality of any of these streets. was shown, nor does it appear that the town authorities ever exercised any control over the streets laid off on that map within the boundaries of the land now occupied by Mrs. Kelsoe, nor is it clear that they were used by the public as regular thoroughfares at any time. Streets on the opposite side of Macon street, which was the eastern boundary of Mrs. Kelsoe's farm, had been continuously used by the public and had been under the control of the town authorities ever since the town was incorporated; but these streets were never extended, as is now proposed, across Macon street and through Mrs. Kelsoe's land by the municipality. The public has not used any street over her land for a period of forty years or more. Upon this evidence the court revoked the restraining order theretofore granted by him, enjoining the town. from opening any streets through the plaintiff's farm, and she excepted to the revoking of this order and to the refusal of the court to grant her an interlocutory injunction.

1. From the foregoing statement of facts it will be seen that the Town of Oglethorpe asserts a right to open certain streets through the plaintiff's land under an alleged dedication thereof to the municipality, made by Judge Cabaniss in 1849. Before there can be a dedication to a municipality of a tract of land laid out by the owner as a street to be used by the public, the municipality must express its assent to the dedication by acceptance. A private individual can not, by laying out streets through his land, impose upon a municipality the burden of maintaining the same for the use of the public; it has a right either to accept or reject the proffered dedication. Purchasers of lots sold with reference to streets laid out over private property by the owner of the same would acquire the right of ingress and egress over such

streets; but the municipality, if unwilling to assume the burden of keeping these streets in repair by accepting in behalf of the public an easement over the land thus set apart as thoroughfares, would have no right to exercise control over the same or prevent them from being closed or obstructed. In other words, a gift can not be bestowed without the assent of the person to whom it is proffered ; and if he declines to accept it, he can assert no claim thereto.

2. Acceptance by a municipality of an easement over land which the owner desired to dedicate to the public for use as a street may be shown by proof that the municipal authorities exercised acts of control over the street. But when a large area of land has been laid off into lots and streets by the owner, there can be no implied acceptance of any street over which the corporate authorities have never assumed control. And if the municipality assumed control over a portion only of a street thus laid out, it will not be deemed to have accepted an easement over another portion of the street, as to which there has been no exercise of corporate authority. Winnetka *v.* Prouty, 107 Ill. 218 (4), 224.

The proof that the Town of Oglethorpe had assumed control over streets running at right angles to Macon street and lying east of that thoroughfare would not, of itself, authorize the conclusion that there was a dedication of any streets laid off by Cabaniss on the west side of Macon street and running through the tract of land now claimed by the plaintiff. In the absence of such a dedication, it was not the right of the municipal authorities, merely because they had accepted and used streets on the east side of Macon street, to extend those streets through the farm of Mrs. Kelsoe.

3. Conceding, however, that the defendant established that after the publication of the plat made by Judge Cabaniss and the sale of town lots with reference to the streets named and located on that plat, the Town of Oglethorpe did open up streets across the land now claimed by the plaintiff, in accordance with that plat, it seems clear that the municipality has long since lost the right to maintain such streets, because of its abandonment of the same. It will be noted that at the time Mrs. Kelsoe acquired title to her land, those streets, if ever previously opened and used, were closed; and her predecessors in title had, for a

period of thirteen years, cultivated the land without reference to any streets ever having been opened through that tract. Her possession began without any notice from the town authorities that the municipality claimed an easement over any portion of the land she acquired by her purchase. Any right which the town may originally have had to open the streets which its authorities now seek to lay out had apparently, at the time she bought, been voluntarily relinquished by non-user for a period of many years; and her possession continued for twenty-seven years after her purchase without any effort on the part of the town to assert any right it may once have had to extend its streets, in conformity to the Cabaniss plat, across the land she bought. "An easement may be lost by abandonment, or forfeited by non-user, if the abandonment or non-user continue for a term sufficient to raise the presumption of release or abandonment." Civil Code, § 3068. A street over which a municipality has once exercised control may, by vacation or abandonment, cease to be a public thoroughfare. Elliott on Roads & Sts. (2d ed.) § 871. Non-user of a street for a period of some forty years, as was shown in the present case to be true, certainly ought to raise a very strong presumption of abandonment. While prescription does not run against a municipal corporation with respect to land held by the municipality for public use, yet a municipal corporation may, by voluntary abandonment, relinquish its control over streets dedicated to it for use by the public. In the case of *Norrel* v. *Augusta R. Co.*, 116 *Ga.* 313, so confidently relied on by counsel for the defendant in error, the strip of land in controversy had been conveyed by deed for use as a public thoroughfare, and the authorities had accepted the deed but had only opened and used longitudinally about one half of the strip of land described therein. In that case it was held that adverse possession of the unused portion of this strip by a private individual could not ripen into a prescriptive title, although such possession was under a deed from the dedicator made subsequently to the deed to the municipality. In the present case, the plaintiff in error is not a prescriber, but the occupant of land which she has held for a long period, claiming under the same person from whom the defendant corporation asserts it derived the right to lay out streets through this land. The defendant does not claim to have acquired the

fee.to any portion of this tract, but simply an easement over the same by dedication of certain streets for use by the public; and the question here presented is, has there been a non-user of such easement for such a period of time as would necessarily raise the presumption of a voluntary abandonment. "In none of the cases does an abandonment appear to have been considered as established when the period of non-user was less than the period necessary to establish adverse possession, except where a new highway has been opened and established in place of the one abandoned; and while the court has occasionally refused to name any fixed period of time as necessary to constitute an abandonment by non-user, in some cases the statutory period of prescription has been stated to be necessary." 15 Am. & Eng. Enc. L. (2d ed.) 405. The current of authority seems to be that mere non-user for twenty years affords a presumption, though not a conclusive one, of exinguishment, even in a case where no other circumstance indicating an intention to abandon appears; and if there has been in the meantime some act done by the owner of the land charged with the easement, inconsistent with or adverse to the right, a much stronger presumption of extinguishment will arise. Corning v. Gould, 16 Wend. 531; Wright v. Freeman, 5 Harr. & J. 477; Yeakle v. Nace, 2 Whart. 123, 131; Peoria v. Johnston, 56 Ill. 51; Winnetka v. Prouty, 107 Ill. 218; Jennison v. Walker, 11 Gray 423. In the case before us there was not only non-user for at least forty years, but, during that period, the plaintiff and her predecessors in title enclosed and cultivated the land she now claims; the public at no time during that period used any of the streets which may formerly have been laid out across her farm, and the town authorities exercised no right of control over the same, but apparently. acquiesced in, if they did not in the first instance assent to, the closing up of these streets. In view of these circumstances, a presumption of abandonment is inevitable. And it is a significant fact that the municipality appears to have been unable to bring forward any proof tending to overcome this presumption.

4. As stated above, abandonment may be shown by non-user. The record in this case discloses that the town authorities have not, during the long period of forty years, attempted to use any portion of the land now held by Mrs. Kelsoe. If there ever was

a case from which abandonment could be inferred from long-continued non-user, this case is the one. The answer of the defendant set up the defense of res adjudicata; but the bill of exceptions does not contain any evidence relating to this matter, or disclose that any evidence was offered by the defendant in support of this defense. It is true that in the transcript of the record transmitted to this court there appear what purport to be copies of the pleadings of a former suit between the parties to the present litigation; but this court can not properly consider these unauthenticated documents as having any bearing on the case or place in the transcript of the record. *Sayer* v. *Brown*, 119 *Ga.* 540; *Griffis* v. *Baxter*, Id. 612. The bill of exceptions purports to contain all the evidence introduced on the hearing. We can not, therefore, assume that the originals of these documents were admitted in evidence, or that any other evidence bearing on the plea of res adjudicata was presented to and passed on by the court below. Under the evidence as brought to this court in the bill of exceptions, we are constrained to hold that the judge erred in revoking the restraining order and refusing to grant an interlocutory injunction.

<div align="center">

*Judgment reversed. All the Justices concur.*