## WADE *v.* TOWN OF CORNELIA.

1. Where the owner of an area of land located in a municipality subdivides the same into lots and streets and dedicates the streets to public use, and the municipality accepts the dedication by working the streets and otherwise exercising control over them, the municipality acquires, for the benefit of the public, an easement in the use of the streets.

2. "Prescription does not run against a municipal corporation in regard to land held for the benefit of the public."

3. There was no abuse of discretion in refusing an interlocutory injunction.

MARCH 14, 1911.

Petition for injunction.    Before Judge Kimsey.    Habersham superior court.    June 15, 1910.

*Claude Bond,* for plaintiff.

*John L. Perkins* and *Sam Kimzy,* for defendant.

EVANS, P. J.    I. C. Wade brought suit against the Town of Cornelia, to enjoin the municipality and its officials from removing his barn, alleged to be an obstruction in the public street of the town, by virtue of a proceeding instituted under section 10 of the municipal charter.  Acts 1905, p. 768.  The court refused an interlocutory injunction, and the plaintiff excepts.  It was the contention of the plaintiff, that his barn was located on the lot of land purchased by him on October 1, 1902, from Mrs. M. H. Stone, under bond for title; that afterwards, on March 3, 1906, Mrs. Stone executed to him a deed to the land, and he has been in the actual and adverse possession of the land since the date of his purchase; and that the land upon which he is alleged to have encroached has never been used by the town or public as a street or highway.  In support of his contention the plaintiff introduced his bond for title and deed, and his own affidavit.  On the other hand the town submitted evidence tending to show, that a certain portion of the town was laid out by the then owners of the land

into lots and streets, one of which streets was known as Gladis avenue; that this street was dedicated to the use of the town and was accepted and worked by the town authorities, and was traveled and used by the public as a street; that the plaintiff's grantor purchased the lot which she afterwards sold to the plaintiff, which abutted on Gladis avenue; that at the time she sold the land to the plaintiff the street was actually in existence, used by the public as a street; and that the plaintiff had notice when he built his barn and fence that he was encroaching upon the public street.

The evidence was sufficient to authorize an inference that the street had been actually dedicated to public use and accepted by the town, and that the town had recognized it as a street by causing the same to be worked, and that the plaintiff had knowledge of this fact at the time he constructed his barn, which projected into the street to nearly half of its width. Dedication to a municipality of an easement over a tract of land for use by the public as a street, and acceptance thereof by the municipality, give to the municipality an easement of the street. Such acceptance may be shown by proof that the municipal authorities assumed control over the street by working the same, or otherwise exercising control. *Kelsoe* v. *Town of Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. R. 138). The plaintiff acquired no prescriptive right to obstruct an existing street by the erection of the obstruction therein. Prescription does not run against a municipal corporation in regard to land held for the benefit of the public; and, accordingly, where a street has been dedicated to a municipality for use as a public street, and such dedication has been accepted by the municipality, no adverse possession by a private individual of a part of the street can ripen into a prescriptive title. *Norrell* v. *Augusta Railway & Electric Co.,* 116 *Ga.* 313 (42 S. E. 466, 59 L. R. A. 101). Besides, it appears from the defendant's evidence that the plaintiff, at the time of the erection of the obstruction, had notice of the existence of the street as a public highway, and constructed his building notwithstanding such notice. The judge was authorized to find from the evidence before him that the plaintiff had encroached upon a public street. No point was made, either in the record or in the argument of the counsel as contained in their briefs, that the machinery employed to remove the obstruc-

tion, was not authorized by the charter. Accordingly there was no abuse of discretion in refusing to grant an interlocutory injunction.

· *Judgment affirmed. Fish, C. J., absent. The other Justices concur.*