MAYOR AND ALDERMEN OF SAVANNAH v. BARNES.

1. In the construction of a trust deed, or a deed in the nature of a trust deed, due regard should be had to the intention of the parties; and the construction must be upon the whole deed, and not merely upon disjointed parts of it. Thus construed, the deed to plaintiff in error conveyed to it merely an easement for a street.

2. A municipal corporation may, by abandonment, relinquish its control over a street which has been dedicated to it for public use. Where an easement has been acquired by grant, a mere non-user without further evidence of an intent to abandon it will not constitute abandonment.

3. The evidence was sufficient to authorize the verdict, and the court did not err, for any of the reasons assigned, in refusing a new trial.

No. 564.   AUGUST 13, 1918.   REHEARING DENIED SEPTEMBER 14, 1918.

Equitable petition. Before Judge Meldrim. Chatham superior court. August 11, 1917.

*Robert J. Travis* and *David S. Atkinson*, for plaintiff in error.
*Leo A. Morrissy* and *Alexander R. MacDonell*, contra.

GEORGE, J.   In 1870 Dr. Louis A. Falligant owned a tract of land near the then southern border of the City of Savannah. This tract of land was surveyed into city lots. On October 20, 1870, Dr. Falligant conveyed to the City of Savannah the streets and lanes through said tract, as shown by the map of Southville, by which name he designated the tract. Among the streets conveyed by Dr. Falligant to the city was "western half of Price street, 25 feet and 6 in. wide." The deed to the city was duly recorded on November 9, 1870. In 1872 Dr. Falligant conveyed lot No. 92 of the Southville division to Hagar Barnes (then Crittendon). This deed gave the dimensions of lot 92 as fronting thirty feet on Lamar avenue, with "the extension of Price street as the eastern boundary thereof." Price street was not then opened and used as a street. In 1872 Hagar Barnes enclosed lot No. 92 and the tract lying immediately east thereof and designated upon the map as Price street. She has been in the peaceable, undisputed, open, and notorious possession thereof from that date until this. In 1899 the City of Savannah concluded to open Price street, but it did not use the land conveyed for that purpose by Dr. Falligant, but on the contrary purchased land about thirty-five feet eastward, and used that for the purpose of opening Price street. Hagar Barnes purchased the strip immediately east of the tract conveyed by Dr. Falligant to the city and lying between said tract and Price street as actually opened up. In December, 1915, the City of Savannah

served notice on Hagar Barnes to remove her fences from the tract conveyed to it by Dr. Falligant as Price street; and she filed a petition in equity against the city, in which she prayed for injunction against the summary removal of her fences from the tract in question. She also prayed that title to the premises be decreed in her. She contended that the city had never used the track of land for street purposes, but upon the contrary that the original plan to open Price street through "Southville division" was abandoned in 1899 and the street actually opened thirty-five feet to the eastward. To this petition the defendant demurred generally and specially; one of the grounds of general demurrer being that the petition showed that the plaintiff, at the time she entered into possession of the premises in dispute, knew that the land in controversy had been conveyed to the defendant for a street, and that the plaintiff was a mere squatter. Another ground of the general demurrer was that the petition showed that the city's interest in the premises was not that of an easement, but a fee with restrictions attached to its use, and that prescription will not run against the city. The general demurrers were overruled. By cross-bill the city sought to recover the premises in dispute, relying upon the deed from Dr. Falligant to the city. The trial of the case resulted in a verdict for the plaintiff. Error is assigned upon certain rulings of the court in admitting and rejecting evidence, upon certain charges to the jury, and upon refusals to charge. Error is also assigned here upon exceptions pendente lite taken to the judgment overruling the general demurrer.

The case presents two controlling questions. The first involves a construction of the deed from Dr. Falligant to the city. The deed recites the offer of Dr. Falligant to the Mayor and Aldermen of the City of Savannah "to make to them a deed of dedication of certain streets and parts of streets," being parts of certain described tracts of land, upon condition that the city would pay to him a certain sum of money and complete certain work of grading the streets at the expense of the city. It further recites the reference of the offer to the committee on streets and lanes, and the recommendation of this committee "that Dr. Falligant's offer be accepted, viz.: Dr. Falligant to give a full and complete deed to the city of all the streets and lanes named in his communication," upon the consideration therein expressed. The deed then undertakes to convey, according to a map attached, "all those portions

of lot 7 . . laid off as public streets or highways, forever," (describing the streets or highways in detail), "together with all and singular the houses, outhouses, edifices, buildings, stables, yards, gardens, liberties, privileges, easements, commodities, emoluments, hereditaments, rights, members, and appurtenances whatsoever, thereunto belonging; and the reversion and reversions, remainder and remainders, rents, issues, and profits; and all the estate, right, title, interest, property and possession, claim and demand whatsoever, in law or in equity, of the party of the first part, of, in, or to the same, or any part or parcel thereof, with the appurtenances. To have and to hold the said streets and lanes, . . to the only use and behoof of the said party of the second part and their successors in office, for the purpose of public highways forever, and to and for no other use, intent, or purpose whatsoever." The consideration recited is $750, to be paid in city bonds. The grantor had expended, according to his offer to the city, approximately $1500 in grading the lots and streets in the Southville division. About one half of this amount was used in grading the streets. It was contemplated that the city would so extend its boundaries as to include within its limits the Southville division; and the cost of grading the streets in the division, and already paid by the grantor, was to be thus repaid him. It is insisted by plaintiff in error that the deed merely specifies the use or purpose for which the land is granted to the city, and that the purpose expressed does not qualify the estate granted, but simply limits the use for which the land is to be held, and that the property does not revert to the grantor or to the abutting-land owner upon a discontinuance of the use. In the construction of this deed the technical rules of the common law are not to be applied, but due regard should be had to the intention of the parties. The construction must be reasonable and agreeable to the common understanding. The construction must be on the whole deed, and not merely upon disjointed parts of it. In ascertaining the intention of the parties, the recitals contained in the deed, the contract, the subject-matter, the object, purpose, and the nature of the restrictions or limitations, and the attendant facts and circumstances of the parties at the time of the making of the deed, are to be given consideration. *Caldwell* v. *Hammons*, 40 *Ga.* 342, 344; *Thurmond* v. *Thurmond*, 88 *Ga.* 182 (14 S. E. 198); *Bray* v. *McGinty*, 94 *Ga.* 192 (21 S. E. 284); *Georgia & Florida Railway* v. *Swain*, 145 *Ga.* 817 (90 S. E.

44). We are of the opinion that the interest or estate conveyed by the deed was an easement for a street; and our conclusion is that the court did not err in overruling the general demurrer to the plaintiff's petition, nor in charging or refusing to charge the jury, as set out in several grounds of the amended motion, as to the effect of the deed. This ruling also disposes of certain objections to the admission of evidence. If it be granted that some of the evidence admitted was irrelevant and immaterial, no possible harm could have resulted to the defendant in error, in view of the construction here given the deed from Dr. Falligant to the city.

The second question is: If the interest or estate conveyed by Dr. Falligant to the city was an easement, may such an easement be destroyed by abandonment or adverse user? Counsel for the plaintiff in error insist that inasmuch as prescription does not run against a municipal corporation in regard to land held for the benefit of the public, where the land has been offered to a municipality for use as a public street and the offer to dedicate has been accepted and the dedication thereby made complete, no adverse possession of the street by a private individual can ripen into a prescriptive title; and that the doctrine of abandonment does not apply. It is declared by the Civil Code, § 3644, that "An easement may be lost by abandonment, or forfeited by non-user, if the abandonment or non-user continue for a term sufficient to raise the presumption of release or abandonment." This section has been held to apply to a municipal corporation as well as to an individual, in two cases. *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (3), 954 (48 S. E. 366, 102 Am. St. R. 138); *Mayor etc. of Savannah* v. *Bartow Investment Co.,* 137 *Ga.* 198, 204 (72 S. E. 1095). It is said that this ruling was unnecessary in the cases cited. A careful reading of the cases would seem to bear out this assertion; but upon consideration we are satisfied that the rule announced is the true one, although there are decisions elsewhere to the contrary. It is of course settled by our decisions that prescription will not run against a municipality with respect to lands held by it for public purposes. It is also decided, in at least three cases, that where a municipality owns a mere easement, prescription will not run against it. See *City Council of Augusta* v. *Burum,* 93 *Ga.* 68 (19 S. E. 820, 26 L. R. A. 340); *Langley* v. *Augusta,* 118 *Ga.* 590 (13), 601 (45 S. E. 486, 98 Am. St. R. 133); *Wade* v. *Cornelia,* 136 *Ga.* 89, 90 (70 S. E. 880). While prescription does

not run against a municipality with respect to land held by the municipality for public use, it by no means follows that the municipality may not, by voluntary abandonment, relinquish its control over streets dedicated to its use by the public. In *Norrell* v. *Augusta Railway &c. Co.*, 116 *Ga.* 313, 315 (42 S. E. 466, 59 L. R. A. 101), it seems to have been recognized that the doctrine of abandonment applies alike to municipal corporations and to individuals. In 1 R. C. L. 4, it is said: "It is not the individual alone who may abandon that which is his. Public rights, such as the easement of passage which the public has in respect of a highway, may be lost by abandonment." In 1 C. J. 11, it is said: "Public as well as private rights, it seems, are within the rule, where persons entitled to enforce them have abandoned them." See also Derby v. Alling, 40 Conn. 410; *S. A. L. Ry.* v. *Sikes*, 4 *Ga. App.* 7 (4), 10 (60 S. E. 868). It is, however, true that an easement acquired by grant, as in this case, can not be lost by a mere nonuser without further evidence of an intention to abandon; and this rule is especially true with respect to an easement held by a municipality for the benefit of the public. Where an easement is acquired by mere user, the doctrine of extinction by mere non-user may in reason apply; but where an easement is acquired by grant, the doctrine of extinction by non-user should not apply. In the latter case there must be an actual adverse user by the owner of the land servient, or other and further evidence of an intention to abandon. In this case the plaintiff, the owner of the land on which the proposed extension of Price street abutted, was not only in the actual and adverse possession of the land in dispute, but the city had actually opened Price street thirty-five feet east of the tract of land conveyed by Dr. Falligant to the city to be used for that purpose. The city never took possession of the tract of land in dispute in this case, and did not for forty-five years demand possession of the same. Upon these facts and others not recited here, the jury was authorized to find that the city had abandoned Price street as described in the deed from Dr. Falligant to the city, and that the plaintiff was entitled to the relief prayed against it. On the doctrine of abandonment as applied to an easement acquired by grant, see note to Phy v. Hatfield, 135 Am. St. R. 888, 898. Abandonment is distinguished from sale, conveyance, gift, etc. 1 C. J. 5 (2), and cases there cited.

Under the decision in *Robins* v. *McGehee,* 127 *Ga.* 431 (5), 436 (56 S. E. 461), the street never having been actually opened up or used by the municipality as a public street, the plaintiff was entitled to an injunction against the city, enjoining it from summarily removing her fences; and this would be true even though the city owned in fee simple the land enclosed by the plaintiff. The rulings complained of upon the main questions presented by this record were in accordance with what is said above, and none of the assignments of error will require a reversal.

*Judgment affirmed. All the Justices concur.*