TIETJEN *et al. v.* MELDRIM *et al.*

GILBERT, J. 1. The court did not err in allowing over objection or in overruling the demurrer to the defendants' amendment to their answer.

2. The court erred in refusing to admit in evidence the receiver's deed offered by plaintiffs. It appears from the evidence that both the plaintiffs and the defendants claim title from a common source, to wit, from the court receiver of the property embraced in the subdivision of land. Moreover, the deed objected to was executed in the year 1899, and as a part of an equitable proceeding disposing of the remaining unsold portions of land embraced in the subdivision, and while only one director of the defendant corporation consented to the rendition of the judgment at the first term, the present record does not disclose any effort ever having been made to set aside the judgment or to contest its validity.

3. Error is assigned on the exclusion of a deed dated April, 1914, duly recorded, made by Frank C. and Catherine Deiter, executor and executrix of George Deiter, to Mamie D. Schwarz [a plaintiff], conveying four lots in the subdivision, upon objection that letters testamentary did not accompany the deed. The assignment of error recites the previous introduction in evidence of a deed conveying the same lots to Frank and Catherine Deiter, the personal representatives of George Deiter Sr., deceased. It appearing that the deed was duly recorded, it will be assumed that it was properly executed and attested. As such it was admissible in evidence at least as tending to show title. It was error to exclude it from the evidence.

4. There was no error in rejecting the record of the proceedings in the municipal court of Savannah, instituted in 1926, for the purpose of abating as a nuisance the obstruction of the streets.

5. When the case was formerly before this court it was held: "These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining these lots." *Tietjen* v. *Meldrim,* 169 *Ga.* at p. 699. And also: "At most Mrs. Meldrim would only be entitled to one half of the land embraced in these streets next to and adjoining her lots. There is no law which would entitle her to all the land embraced in the streets adjoining her lots, even if all the purchasers of lots in this subdivision had abandoned their easements of way therein." Id. 702.

6. The court erred in granting a nonsuit. "Abandonment is largely a question of intent. *Holmes* v. *Jones*, 80 *Ga.* 659 (7 S. E. 168). This intent is inferable from the acts of the parties, interpreted in the light of all the surroundings. . . Abandonment is a mixed question of law and fact." *Gaston* v. *Gainesville Railway Co.*, 120 *Ga.* 516, 519 (48 S. E. 188). *Judgment reversed. All the Justices concur.*

No. 8085. JUNE 10, 1931.

*Farr & Richter,* for plaintiffs.
*Oliver & Oliver* and *Shelby Myrick,* for defendants.