19241. HAMES *et al. v.* CITY OF MARIETTA *et al.*

HEAD, Justice. 1. Where pleadings do not make positive allegations, but are ambiguous or couched in alternative expressions, they will, on demurrer, be construed most strongly against the pleader. *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250); *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867); *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32); *Saliba* v. *Saliba,* 201 *Ga.* 577, 583 (40 S. E. 2d 511); *Morris & Eckels Co.* v. *Fulton National Bank,* 208 *Ga.* 222, 225 (65 S. E. 2d 815). Applying this rule in the present case, the amended petition is sufficient to show an implied intention by Joseph M. Brown to dedicate "Brown Avenue" for public purposes in 1922.

2. "A dedication to public use, is when one being the owner of lands, consents, either expressly or by his actions, that it may be used by the public for a particular purpose." *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239 (2); *Parsons* v. *Trustees of the Atlanta University,* 44 *Ga.* 529; *Atlanta Ry. &c. Co.* v. *Atlanta Rapid Transit Co.,* 113 *Ga.* 481, 492 (39 S. E. 12); *Hyde* v. *Chappell,* 194 *Ga.* 536 (22 S. E. 2d 313); *Haslerig* v. *Watson,* 205 *Ga.* 668, 679 (54 S. E. 2d 413).

3. Before a municipality can acquire by dedication an easement over land, for use by the public as a street, there must be an acceptance of the dedication by the municipality. *Healey* v. *City of Atlanta,* 125 *Ga.* 736 (54 S. E. 749); *Tift* v. *Golden Hardware Co.,* 204 *Ga.* 654 (51 S. E. 2d 435); *Savannah Beach, Tybee Island* v. *Drane,* 205 *Ga.* 14 (52 S. E. 2d 439).

4. While municipal acceptance of a street may be implied from improvements, longitudinally, on a portion of the street by the municipality pursuant to a dedication (*Norrell* v. *Augusta Ry. &c. Co.,* 116 *Ga.* 313, 42 S. E. 466, 59 L. R. A. 101; *Ellis* v. *Mayor &c. of Hazlehurst,* 138 *Ga.* 181, 75 S. E. 99; *Lastinger* v. *Town of Adel,* 142 *Ga.* 321 (2), 82 S. E. 884)—there can be, however, no implied acceptance of any street over which the corporate authorities have never assumed control. "If the municipality assumed control over a portion only of a street thus laid out, it will not be deemed to have accepted an easement over another portion of the street, as to which there has been no exercise of corporate authority." *Donalson* v. *Georgia Power &c. Co.,* 175 *Ga.* 462 (6) (165 S. E. 440); *Kelsoe* v. *Town of Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. R. 138); *City of Albany* v. *Lippitt,* 191 *Ga.* 756, 761 (13 S. E. 2d 807); *Adams* v. *Richmond County,* 193 *Ga.* 42, 49 (17 S. E. 2d 184); *Owens Hardware Co.* v. *Walters,* 210 *Ga.* 321, 322 (3) (80 S. E. 2d 285).

(*a*) Acceptance of the unimproved portion of Brown Avenue is not shown by a prior development of a part extending beyond the petitioners' property.

5. While prescription does not run against a municipality as to land which it holds for the benefit of the public (*Mitchell* v. *Mayor &c. of Rome*, 49 *Ga.* 19; *Norrell* v. *Augusta Ry. &c. Co.*, supra; *Wade* v. *Town of Cornelia*, 136 *Ga.* 89, 70 S. E. 880; *Williamson* v. *Souter*, 172 *Ga.* 364, 157 S. E. 463)—it is none the less true that "An easement may be lost by abandonment, or forfeited by nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment." Code § 85-1403.

6. Generally, abandonment is a mixed question of law and fact (*Gaston* v. *Gainesville &c. Electric Co.*, 120 *Ga.* 516, 48 S. E. 188; *Tietjen* v. *Meldrim*, 172 *Ga.* 814, 159 S. E. 231), which applies to a municipal corporation as well as to an individual. *Mayor &c. of Savannah* v. *Bartow Investment Co.*, 137 *Ga.* 198 (72 S. E. 1095); *Mayor &c. of Savannah* v. *Barnes*, 148 *Ga.* 317 (96 S. E. 625). The petition alleges that there has been no acceptance by the city of the unimproved portion of Brown Avenue for a period of more than 30 years. There is a presumption of law that the dedication has been declined by the city. In *Still* v. *Mayor &c. of Griffin*, 27 *Ga.* 502, 506, it was held: "Some fifteen or twenty years have elapsed since the dedication was made, and the bill alleges, and the proof shows that no steps have been taken to appropriate a portion of these public lots. The presumption of law is, that the donations have been declined." See also *Parsons* v. *Trustees of the Atlanta University*, supra; *Penick* v. *County of Morgan*, 131 *Ga.* 385 (62 S. E. 300); *Mayor &c. of Savannah* v. *Bartow Investment Co.*, supra.

7. The present action was brought against the City of Marietta and its engineer in his official capacity. The rulings herein made are not to be construed as adjudicating the rights of purchasers of lots in the Joseph M. Brown Subdivision not made parties to this action. In this connection see *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144); *Schreck* v. *Blun*, 131 *Ga.* 489 (62 S. E. 705); *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (4) (75 S. E. 418); *Hamil* v. *Pone*, 160 *Ga.* 774 (129 S. E. 94); *Aspinwall* v. *Enterprise Development Co.*, 165 *Ga.* 83 (140 S. E. 67); *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349); *Harris* v. *Powell*, 177 *Ga.* 15 (169 S. E. 355); *Westbrook* v. *Comer*, 197 *Ga.* 433, 434 (5) (29 S. E. 2d 574); *Thompson* v. *Hutchins*, 207 *Ga.* 226 (60 S. E. 2d 455).

8. The petition, as amended, stated a cause of action, and it was error to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur.*

Argued February 13, 1956—Decided April 9, 1956.

*Howell C. Ravan, Ben F. Smith, Faine Chambers, Dewey Smith, Luther C. Hames, Jr.*, for plaintiff in error.