20011. GARNER *v.* YOUNG *et al.*

DUCKWORTH, Chief Justice. 1. It is reversible error for any judge of a superior court, in any case, whether civil or criminal, or in equity, to express or intimate his opinion as to what has or has not been proved, either in his charge or during the progress of the trial. Code § 81-1104; *Sanders* v. *Nicolson,* 101 *Ga.* 739 (3), 740 (28 S. E. 976) ; *Smith* v. *State,* 109 *Ga.* 479 484 (35 S. E. 59) ; *Florida, Central &c. R. Co.* v. *Lucas,* 110 *Ga.* 121 (3) (35 S. E. 283) ; *Robinson* v. *State,* 207 *Ga.* 337, 339 (61 S. E. 2d 475). The 4th, 5th, and 6th grounds of the motion for new trial complain of excerpts from the charge of the court which, in substance, state that the issue in the case relates to a public alley between 9th and 10th Streets, in that the court thus made clear and unequivocal statements that such an alley existed, when the very issue was whether or not there had been an alley. The statements thus made amount to an expression of opinion by the court that the alley existed. This was harmful error, which was not cured by other parts of the charge, where the trial judge explained that the

defendants contend there was no alley. Even though the statements complained of were unintentional, they were sufficient to mislead the jury and constitute reversible error. The court erred in denying the motion for new trial as urged in grounds 4, 5, and 6.

2. The charge as follows, "I think the pleadings and the testimony and the evidence in this case show that the dedication, if any, was an implied dedication," is an expression by the court that there was an implied dedication. And the words "if any" contained therein do not remove its injurious effect. Therefore, the court erred in so charging, and the motion should have been granted for the reasons urged in the 7th ground complaining thereof.

3. Complaint is made in the 8th ground because of the charge that, if the jury finds there was both a dedication and acceptance by the city, either expressed or implied, the verdict should be for the plaintiff, on the basis that this charge excluded from the consideration of the jury the question of whether the alley, if in fact dedicated, had thereafter been legally abandoned. There was some evidence of non-use of the alleged alley, but no evidence that it had ever been legally abandoned. The mere non-use of a dedicated street is insufficient to show abandonment. See Code § 85-410; *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144); *Gaston* v. *Gainesville &c. Electric Ry. Co.,* 120 *Ga.* 516 (48 S. E. 188); *Kelsoe* v. *Town of Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. R. 138); *City of Savannah* v. *Barnes,* 148 *Ga.* 317 (96 S. E. 625); *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349); s.c., 172 *Ga.* 814 (159 S. E. 231); *Harris* v. *Powell,* 177 *Ga.* 15 (169 S. E. 355); *Hyde* v. *Chappell,* 194 *Ga.* 536 (22 S. E. 2d 313); *Hames* v. *City of Marietta,* 212 *Ga.* 331 (92 S. E. 2d 534). This ground is without merit.

4. Grounds 9 and 10 complain of the admission in evidence of testimony of a witness as to his efforts to obtain legal action by the city by requesting the individual members of council and the mayor to take action to abate the nuisance created by the obstacles put up by the other defendant, on the basis that thus contacting the individual members of council was not an official protest, and therefore insufficient to show he had exhausted his legal remedies. The testimony was sufficient to show that he had made efforts to have the city act and have the street reopened, without success, before he

brought this action in equity, and this testimony was not illegally admitted in evidence. The cases cited by counsel for the plaintiff in error apply to actions taken by the city and, of course, the highest and best evidence of official action taken by the city would be the original minutes or exemplified copies of the action taken by it.

5. Since the general grounds are expressly waived, no ruling is here made thereon. For the reasons stated in headnotes 1 and 2, the court erred in denying the motion for new trial.

*Judgment reversed. All the Justices concur.*

Submitted March 10, 1958—Decided April 11, 1958.

*Eberhardt, Franklin, Barham & Coleman,* for plaintiff in error.

*Robt. R. Forrester, A. L. Kelley, Jr., M. Dale English,* contra.