### THE REICHERT MILLING COMPANY
### *v.*
### THE VILLAGE OF FREEBURG.

*Opinion filed October 24, 1905.*

1. PLATS—*statutory plat must be accepted to vest title to streets in municipality.* In order to vest the title to streets shown upon a statutory plat in the municipality there must be an acceptance by the municipality of the proposed dedication.

2. SAME—*acceptance of part of streets is not an acceptance of all.* An acceptance by a municipality of part of a street shown upon a statutory plat is not an acceptance of the entire street, nor is the acceptance of an entire street so shown an acceptance of the others.

3. SAME—*acceptance necessary though platted tract is within the corporate limits.* The fact that a tract of land platted under the statute lies within the corporate limits does not imply an acceptance by the municipality of the streets shown upon the plat.

4. SAME—*when deed of vacation is invalid.* A deed of vacation purporting to vacate certain blocks in a tract of land platted by the grantor under the statute is invalid where the grantor does not own all of the property which the deed purports to vacate.

5. MUNICIPAL CORPORATIONS—*when principle of equitable estoppel will be applied.* Acquiescence by a municipal corporation for nearly fifty years in the occupation of a street, by the owner of the platted tract, for the purpose of mill-ponds, yards and other improvements constructed at large expense, raises an equitable estoppel, which precludes the city from demanding the opening of the street.

APPEAL from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding.

TURNER & TURNER, and LOUIS KLINGEL, for appellant.

JAMES O. MILLER, and JAMES M. DILL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of St. Clair county by the Reichert Milling Company against the village of Freeburg, for an injunction. An answer and

replication were filed and upon a hearing the bill was dismissed for want of equity, and the complainant has prosecuted an appeal to this court.

In the year 1836 the original town of Urbana was platted by John T. Lemen, and the plat was filed for record in St. Clair county, wherein the town was situated. In 1859 its name was changed to Freeburg, and in 1875 it was incorporated as a village under the act of 1872. In 1854 Thomas Temple and others platted Mill addition to Urbana, acknowledged the plat in due form and filed it for record in St. Clair county. The following plat shows the *locus in quo*:

The original proprietors of Mill addition erected a steam flour mill, and cooper shops and other buildings to be used in connection with the mill, upon the west half of block 2, and excavated two mill ponds upon the north half of block 7,

217—25

in said addition, which supplied water for use in the mill. Walnut street between blocks 2 and 7 and Temple street between blocks 7 and 8 have never been opened to the public for travel, and a fence for a great many years has been maintained by the owners of said mill property across Temple street between blocks 7 and 8, upon the west line of Walnut street, and said Temple street between blocks 7 and 8 is occupied by said mill ponds, with the exception of a strip some eight feet wide upon the north line of said street, which strip, together with the adjoining lands west of Walnut street in blocks 7 and 8, has been used in connection with the mill for pasturing stock and for agricultural purposes. The appellant is the owner of all of blocks 1, 2, 7, 8 and 9 of said addition, with the exception of the north-east corner of block 2 and the south-west corner of block 7. In 1903 the appellant filed a deed of vacation, under the statute, in the office of the recorder of deeds of St. Clair county, of all of blocks 7 and 8 and the west half of blocks 1 and 2, whereby it declared that portion of Mill addition to Urbana, including the streets and alleys, to be vacated. Prior to the commencement of this suit the appellant had been notified by the appellee to remove the fence and other obstructions from Temple street west of Walnut street, and suit had been commenced against it, and it was threatened with a prosecution under the ordinances of said village for obstructing said street.

The question here presented for decision is whether the title to Temple street west of Walnut street, in Mill addition to Urbana, at the time of the commencement of this suit was in the appellant or the appellee, and whether the appellee had the right to require appellant to open the same to the public for travel, by requiring it to remove its fences, mill ponds and other obstructions therefrom.

It is well settled in this State that the filing of a statutory plat and its acceptance by the municipality vest the legal title to the streets and alleys designated upon the plat in the

municipality, and that a sale of lots by the proprietor in accordance with such plat entitles the purchaser to have the streets and alleys shown upon the plat remain open. In such case, however, in order to vest the title to the streets and alleys in the municipality, there must be an acceptance of the plat by the municipality. (*Littler* v. *City of Lincoln*, 106 Ill. 353; *Jordan* v. *City of Chenoa*, 166 id. 530.) In the latter case, on page 534, the court said: "Until acceptance of a proposed dedication by the municipal authorities of a city or town, although the original proprietor may be estopped to deny a dedication of the streets and alleys as against intervening rights, his acts in platting an addition to the city or town and acknowledging and recording such plat are in the nature of a mere offer to the municipality, and until the proper authorities accept the dedication they cannot be bound, by *mandamus* or otherwise, to open or improve the streets, and until such acceptance they can have no right in the streets, as trustees or otherwise, and that an acceptance of the dedication cannot be presumed from mere proof of the execution and recording of the plat."

It is contended that the village took possession of Temple street east of Walnut street, and that such act of the village should be held to be an acceptance on its part of the entire street. That result does not follow. (*Jordan* v. *City of Chenoa, supra; City of Chicago* v. *Drexel,* 141 Ill. 89.) In the *Drexel case,* on page 109, it was said: "It is also urged that the acceptance by the municipal authorities of the town of Lake View of other streets in said Hundley's subdivision is to be regarded as a constructive acceptance of a street over the strip of land in question. The rule, which seems to be abundantly supported by the authorities, is, that when a person, in platting property, maps out streets thereon, the authorities may accept them in whole or in part. An acceptance of a part is no acceptance of the whole."

It is also said that said Mill addition is within the corporate limits of the village, and from that fact the village

will be held to have accepted all the streets shown upon said plat. Such is not the law. (*Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 Ill. 155.) In that case, on page 166, the court said: "It is said, however, by appellees, that prior to the filing of the bill in this case Highland Park * * * extended its city limits by taking in the whole addition in which the avenue in question is located. The mere acceptance of the plat by the municipal authorities and the inclusion of the territory covered by the plat within the limits of the municipality was not an acceptance of the dedication of the streets and passageways shown upon the plat. The municipality still had the right to elect what streets shown upon the plat should become public highways and public charges upon the municipality with reference to their maintenance."

The position is taken by appellant that no acceptance of said street having been shown prior to the execution and recording of said deed of vacation, in 1903, the offer of dedication contained in the recorded plat was by the deed of vacation withdrawn, and the village could not accept the offer to dedicate subsequent to the date of said vacation deed. This position would be sound if the vacation of that part of the plat were valid. The deed of vacation covered all of blocks 7 and 8 and the west half of blocks 1 and 2. The appellant, however, did not own all of said block 7 at the time of the execution of said deed of vacation, and under the authority of *Littler* v. *City of Lincoln, supra,* and *Chicago Anderson Pressed Brick Co.* v. *City of Chicago,* 138 Ill. 628, its deed of vacation for that reason was invalid and did not have the effect to withdraw the offer of dedication made at the time the plat was executed and recorded.

We think, however, this record shows conclusively that prior to the attempt, in 1902, to open Temple street west of Walnut street the village had abandoned that portion of the street by non-user. The plat was made in 1854, and for about fifty years prior to the commencement of this suit

Temple street west of Walnut street remained closed to the public. While the Statute of Limitations would not run against the village (*Russell* v. *City of Lincoln,* 200 Ill. 511,) during that time, the defense of equitable estoppel by reason of the abandonment consequent upon non-user we think properly invoked by the appellant. The appellant and its predecessor in title, about the time the Mill addition plat was filed for record, commenced to improve the property adjacent to the west end of Temple street for milling purposes. A mill and other buildings were erected on the south-west corner of block 2, and upon the north half of block 7 two mill ponds were excavated, in which was collected the water used in the mill. These excavations were gradually extended north, and deepened, until they included substantially all of Temple street between blocks 7 and 8 and west of Walnut street. The premises west of Walnut street were fenced and the public were excluded therefrom except through a gate. These conditions were acquiesced in by the village for so long a time that to require the appellant to now re-construct its mill ponds and re-arrange its yards, which would cost it a considerable amount of money, would clearly be inequitable.

In *Jordan* v. *City of Chenoa, supra,* the alley in question had been fenced up by Jordan for more than twenty-one years. "He had trees growing in the alley, a house standing on a part of it, and a hedge fence growing across the end of it." The court reviewed the cases of *City of Peoria* v. *Johnston,* 56 Ill. 45, *Village of Winnetka* v. *Prouty,* 107 id. 218, and *Village of Auburn* v. *Goodwin,* 128 id. 57, and held that the city had, by non-user, abandoned the alley, and that it was equitably estopped to open the same. Here the mill ponds of the appellant, found in the street in question, are more permanent in character than were the improvements in the *Jordan case,* namely, the hedge fence and house and growing trees. We think this case falls within the rule announced in that case and many other cases decided by this

court, and that in view of the long space of time which has intervened in this case between the filing of the plat of the Mill addition and the attempt to open said street, and in view of the improvements made upon said street by the ap-. pellant, the village of Freeburg should be held to be equitably estopped to claim title to. said street.

The decree of the circuit court will therefore be reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*