# CHARLESTON.

City of Point Pleasant v. L. L. Caldwell.

Submitted October 12, 1920.    Decided October 26, 1920.

1. DEDICATION—*Municipality Must Accept Streets and Alleys on a Plat Proposed to be Dedicated to Acquire Title.*

   In order to acquire title to the streets and alleys shown upon a plat by which it is proposed to dedicate them to the public, the municipality or other public authority must accept the same.    (p. 281).

2. SAME—*Acceptance of Proposed Dedication by Plat May be Express or Implied.*

   This acceptance may be by some order or resolution of the proper municipal authorities, or it may be implied from their acts in connection with the streets so proposed to be dedicated, such as making improvements thereon, taking charge thereof, and assuming control thereover.    (p. 281).

3. SAME—*Acceptance of Streets Proposed to be Dedicated May be of Whole or Part Thereof.*

   Whether such acceptance be by direct order or resolution of the public authorities, or by implication, it may be of the whole of the streets offered to the public, or of only part thereof.    (p. 281).

4. SAME—*Implied Acceptance to Show Clear Intent to Accept Offer; Municipality May Accept in Part Streets Shown by Plat.*

   Where the owner of a tract of land lays the same off into lots, streets and alleys, and makes a plat thereof, and offers to dedicate the streets and alleys shown upon such plat to the public, the public authorities may accept such dedication

87 W. Va.

in whole or in part. If an acceptance by implication is relied upon, the acts which it is contended work such implied acceptance must show a clear intent to treat and consider the streets and alleys thus offered as public streets and alleys. (p. 280).

5. SAME—*Work on Streets Already Improved by Owner is Implied Acceptance only of those Streets Improved.*

If in such case the owner of the property improves certain of the streets by paving the same, and by laying sidewalks thereon, while others of the streets remain unopened and unmarked upon the ground, and unused by the public, work done by the public authorities upon such improved streets will operate as an implied acceptance only of the streets upon which such work is done, and only to the extent that the same are being used by the public at the time. (p. 281)

6. SAME—*Owner may Withdraw Proposed Dedication Wholly or Partly.*

One who lays out a tract of land into lots, streets and alleys, and offers to dedicate such streets and alleys to the public, may withdraw such offer at any time before the acceptance thereof by the proper public authorities, and where a part of such dedication has been accepted the offer may be withdrawn as to the part not so accepted.  (p. 282).

7. SAME—*Dedicator's Conveyance of Unaccepted Streets Constitutes a Withdrawal of His Offer.*

The conveyance by the land owner of such unaccepted streets or alleys to a third party for private purposes will constitute a withdrawal of the offer to dedicate the same to public use, if such conveyance was made before acceptance of the offer. (p. 282).

(WILLIAMS, PRESIDENT, and POFFENBARGER, JUDGE, absent).

Appeal from Circuit Court, Mason County.

Suit for injunction by the City of Point Pleasant against L. L. Caldwell.   Decree for plaintiff, and defendant appeals.

*Reversed, injunction dissolved, bill dismissed.*

*Somerville & Somerville,* for appellant.

*Musgrave & Blessing,* and *J. E. Beller,* for appellee.

RITZ, JUDGE:

In the year 1903 the Point Pleasant Development Company purchased a tract of land lying north of the City of Point Pleasant, and east of the Baltimore & Ohio Railroad tracks.

The southern part of this tract of land was laid off into lots, streets and alleys, with a view to putting the same on the market for sale. A plat was made showing the part thus laid out, and a deed was executed by the company reciting that it had laid out certain blocks, describing them, and certain streets and alleys named in the deed, and then dedicating to the public the said streets and alleys as the same are laid down on said map. At that time this tract of land lay without the corporate limits of any municipal corporation. Subsequently it was included in the municipality of North Point Pleasant, which was still later incorporated within the City of Point Pleasant. Neither the county court of Mason county, the municipal authorities of the town of North Point Pleasant, or of the said City of Point Pleasant, ever passed any order or resolution accepting the proposed dedication. The lower end of this tract of land is high ground, while the upper end, including about one block of that which was laid out, is low ground, and is cut up with depressions of considerable depth and width. The streets thus laid out in the lower end upon the high ground were opened up by the land company, improved, sidewalks laid, and lots sold in reference thereto, but no streets were ever actually opened up on the ground north of what is called Twenty-second Street, nor was there any use made of any of the streets above that point, for the reason above indicated. It appears that on one or two occasions the municipal authorities of North Point Pleasant did some work on one or two of the streets thus opened up and improved by the land company, but there was never any improvement of any kind made upon any of the streets or alleys north of Twenty-second street by anyone. In the year 1908 the Development Company, finding that the land north of Twenty-second street could not be marketed as then partially laid out, decided to change the plan so as to make much larger lots, with a view of having some high ground on each lot. To this end a new plat was made of that land, and was called the map of the *"low ground lots."* On this plat all of the lots with few exceptions are much larger than on the original plat, each containing something like one ·re, or five or six times as much as one of the original lots.

This new plan incorporated in one of the lots a strip of land nineteen feet wide and one hundred and sixty feet long, lying next to the Baltimore & Ohio Railroad right-of-way, and extending north from Twenty-second street along said right-of-way, which the plaintiff claims was dedicated as an alley by the plat filed in 1903. The land company sold the lot which includes this strip of land to the defendant L. L. Caldwell, and he fenced up the property thus acquired by him. The town officers of North Point Pleasant then undertook to open this strip of land for use as an alley, when they were arrested for trespass upon a warrant sworn out by Caldwell. This suit was then instituted by the town of North Point Pleasant to enjoin Caldwell from obstructing and claiming the alley, and after the inclusion of that town within the city of Point Pleasant the suit has been proceeded with in its name. The circuit court granted the relief asked, and this appeal brings up for review its decree.

The first contention made by the defendant is that there was never any dedication of this particular strip of ground as an alley, it not being mentioned in the deed of dedication. We need hardly enter upon an inquiry in regard to this, in view of our conclusion upon the other points raised.

Assuming, without deciding, that this nineteen foot wide strip was offered by the land company to the public authorities as a public alley, that would not make it such. There would have to be not only an offer upon the part of the owner of the land, but an acceptance thereof by the municipal authorities. *Hicks* v. *City of Bluefield,* 86 W. Va. 367, 103 S. E. 323; *Morlang* v. *City of Parkersburg,* 84 W. Va. 508, 100 S. E. 394, 7 A. L. R. 717; and *Miller* v. *City of Bluefield,* 87 W. Va. 220, 104 S. E. 547. This acceptance of the dedication may be by an order or resolution of the proper municipal authorities, or it may be by implication only. There is no effort in this case to show an acceptance in any other way than by implication. It is contended that by doing some work through its proper officers upon some of the streets laid out and improved by the land company, the town of North Point Pleasant accepted the dedication, and accepted every one of the streets and alleys in-

dicated upon the plan as such. It is very well established that a municipal corporation may accept a street dedicated in the manner in which the streets shown upon this plan were dedicated, by taking charge thereof, doing work thereon, and otherwise improving the same. The defendant does not contend that the town of North Point Pleasant did not by implication accept a part of the dedication so made, but he does insist that the acceptance to be implied from the improvement of the streets by the public authorities will extend no further than the streets upon which such improvements were made, while the plaintiff contends that such implied acceptance extends to every street and alley indicated upon the plat. This is a question of considerable importance, both to municipal corporations, and to those making such dedications. If it can be said that a municipal corporation by simply making some improvements on one street in a proposed addition to a town accepts all of the streets and alleys indicated upon a plat thereof, and thereby makes itself liable for maintaining them in a reasonably safe condition for travel, a burden may be imposed which it was clearly never the intention of the municipal authorities to assume. It must be borne in mind that the acceptance under circumstances such as this is simply an implication arising from the conduct of the parties. The authorities above cited hold that in order for an acceptance to be implied from acts of a municipal corporation they must be of that character which clearly and unmistakably indicate the intention of the municipal authorities. If there is equivocation in the acts, or if their effect is uncertain and indefinite, an acceptance will not be implied therefrom. The authorities also hold that where a plat such as this is offered to a public corporation, such public corporation may accept a part of the streets and alleys, or it may accept the whole thereof. What is the effect of the acts of the town of North Point Pleasant in doing the work and in making improvements on two of the streets indicated upon this plat which had theretofore been improved and paved by the land company? These acts constitute an acceptance upon its part of the dedication, but of what dedication? Can it be said that such work done upon two im-

proved streets indicates an intention to accept a dedication of other streets lying in hollows and practically inaccessible places, imposing a burden upon the municipality to maintain them in a reasonably safe condition for travel thereover? We do not think so. In our judgment it cannot be fairly assumed that the city authorities by making the improvements shown here intended to accept any other streets than those upon which the improvements were made, and only those streets to the extent that the same were at the time opened up and used for travel. *City of Chicago* v. *Drexel,* 141 Ill. 89; *Jordan* v. *City of Chenoa,* 166 Ill. 530; *Reichert Milling Co.* v. *Freeburg,* 217 Ill. 384; *More* v. *City of Chicago,* 261 Ill. 56; *State* v. *Trask,* 6 Vt. 355, 27 Am. Dec. 554; *Kelsoe* v. *Town of Oglethorpe,* 120 Ga. 951, 48 S. E. 366, 102 Am. St. Rep. 138; *Hall* v. *The City of Meriden,* 48 Conn. 416; *County of Wayne* v. *Miller,* 31 Mich. 447; *Bell* v. *City of Burlington,* 68 Iowa, 296. We conclude that the acts of the authorities of the town of North Point Pleasant in improving and working upon two of these streets which had been opened and paved for travel by the development company was not an acceptance of other streets which had not been opened up or improved, or used by the public at that time, and that the implication of an acceptance of the dedication arising from work and improvement done upon said streets will extend no further than to so much thereof as was at that time opened up for travel and being used therefor.

It is argued, however, that the act of the city authorities in asserting title to this alley just prior to the bringing of this suit was an acceptance of the dedication, and even though it had not been theretofore accepted that the action of the town at that time was an unequivocal declaration of its intention to accept the same. This might be true were it not for the fact that prior to this acceptance the offer made by the development company had been withdrawn. By making the new map in 1908, and including this strip of land in the deed made to Caldwell, the development company withdrew the offer theretofore made by it to dedicate the land as a public alley. There is no doubt about the right of one who thus offers to dedicate land to the public for street purposes to withdraw the offer

at any time before the acceptance of the same, and a conveyance of the land to another is an effectual withdrawal of the offer to dedicate the same for public purposes. *City of Chicago* v. *Drexel, supra.*

From what we have said, it is apparent that the decree complained of will be reversed, the injunction dissolved, and the bill dismissed.

*Reversed, injunction dissolved, bill dismissed.*