# CHARLESTON.

### G. E. CALLAHAN v. W. J. SIMMS & P. T. FARIS

### (No: 6127)

### Submitted February 8, 1928. Decided February 28, 1928.

CONTRACTS—*Remedy of Rescission is Not Absolute Right, But is Appeal to Court's Sound Discretion; in Passing on Application for Rescission, Court Acts on Own Notions of What is Reasonable and Just Under Circumstances; in Passing on Application for Rescission, Court Often Considers Whether Relief Would be Attended With Hardship, or Whether Superior or Inferior Equity Arises on Part of Applicant.*

The remedy of rescission is not founded on absolute right as in the case of an action at law on a contract or in tort, but is rather an appeal to the sound discretion of the court, which, in granting or refusing the relief prayed, acts on its own notions of what is reasonable and just under all the surrounding circumstances. The court often considers whether the relief would be attended with hardship or not, or whether a superior or inferior equity arises on the part of the applicant.        •

(Cancellation of Instruments, 9 C. J. § 7.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mercer County.

Suit by G. E. Callahan against W. J. Simms and another. From a decree of dismissal, plaintiff appeals.

*Reversed and remanded.*

*George Richardson, Jr.,* for appellant.
*French, Easley & Easley,* for appellees.

LITZ, JUDGE:

The plaintiff appeals from a decree of the circuit court, dismissing his bill for rescission of a deed from the defendants to him, conveying real estate, and restoration of the purchase money.

The South Bluefield Land Company, a corporation, having subdivided certain land into lots, streets and alleys, as an addition to the City of Bluefield, and said lots by reference to a plat thereof, on August 18, 1919, conveyed to Mrs. Gertrude Sleadd Waugh a portion of the land including Augusta Street, and on December 5, 1919, secured from the Council of the City of Bluefield an order vacating said street. Thereafter it sold and conveyed, according to the plat, lots 10 and 12 (of equal width and adjoining each other), in section 10 and 12 (of equal width and adjoining each other), in section 1112, fronting College Avenue 100 feet and extending between parallel lines an average distance of approximately 415 feet to Augusta Street. As successor in title of the South Bluefield Land Company, the defendants conveyed to the plaintiff the front portions of these lots, 250 feet in depth, and after he had erected a dwelling on the front of lot 10, conveyed to him (by deed of December 31, 1924), the remaining portions of both lots for a consideration of $1,500.00.

This suit was instituted for the purpose of rescinding the deed of December 31, 1924, on the ground that it had been executed under a mutual mistake of the parties in the existence of Augusta Street, and that a covenant to that effect was implied in the conveyance.

The main defense, of the several relied on, is that the order of the city council vacating the street is void because of its

purpose to serve private interest. The record does not disclose whether any other lot owner is in a position to question its validity. In all events, however, the South Bluefield Land Company and the plaintiff, who claims under it subsequently to the deed to Mrs. Waugh, are, in our opinion, estopped from doing so. This deed vested in her the interest of the land company in the street. Augusta Street was never improved nor opened; nor is it shown to have been accepted by the City of Bluefield as a street. The conveyance thereof before such acceptance constituted a withdrawal of the offer of the land company to dedicate the same to public use. *City of Point Pleasant* v. *Caldwell,* 87 W. Va. 277. But granting that College Avenue furnishes the only means of access to the rear portions of lots 10 and 12, and that the vacation of Augusta Street materially affects the value thereof, is the plaintiff entitled to relief by rescission? The evidence shows not only that at the times of the respective conveyances of the front and rear portions of said lots the parties were not cognizant of the withdrawal and vacation of Augusta Street but that the defendants would not have conveyed the front portions of the lots if they had known these facts. So that notwithstanding the respective conveyances for the front and rear portions of the lots involved different transactions, rescission of all the deeds would be necessary in order to place the parties in statu quo. Due, however, to the material improvement of the front of lot 10 by the plaintiff, such rescission is not practicable. As the plaintiff now owns the front of one or both of the lots, the rear portions will therefore be of much greater value to him than to the defendants. He says the front of lot 12 has been "sold" to G. C. Callahan, but offers no proof of this statement. What relation, if any, G. C. Callahan bears to the plaintiff, or whether the alleged sale was made before he learned of the mistaken existence of Augusta Street is not shown. The rear portions of both lots are wooded and comparatively steep. At the time of purchasing, the plaintiff represented to the defendants that he desired the property for a bird reservation. This land cut off from access by way of Augusta Street, is valuable only as it may be used in connection with the front abutting College Avenue.

The remedy of rescission is not founded on absolute right as in the case of an action at law on a contract or in tort, but is rather an appeal to the sound discretion of the court, which in granting or refusing the relief prayed acts on its own notions of what is reasonable and just under all the surrounding circumstances. Story's Equity Jurisprudence, sec. 934. The court before granting rescission or cancellation of a contract often considers whether the relief would be attended with hardship or not, or whether a superior or inferior equity arises on the part of the applicant. "Rescission, like specific performance, does not exist *ex debito justitiae,* but is addressed to the sound discretion of the chancellor." *Wilson* v. *McConnell,* 72 W. Va. 81. Quoting from *Reid* v. *Burns,* 13 Ohio St. 49 in *Bogie* v. *Bogie,* 41 Wis. 209 (217), it is said that the relief of rescission, "is granted or refused by a court of equity upon its own conclusions, from all the attending circumstances, that the relief is or is not just and reasonable in the particular case. It is said, too, that the plaintiff will be expected, in a court of equity, in such cases, to show himself entitled to relief beyond a mere technical breach of duty. The court will also, in some cases, order an indenture to be canceled or annulled, on the application of one party, when it would refuse similar relief on the application of another, showing very clearly that the court, in such cases, has an ample discretion. And still the discretion exercised upon such applications by courts of equity is not an arbitrary discretion; but it is said to be 'a sound and reasonable discretion, and regulated upon grounds that make it judicial.' The court, however, often considers, before granting it, whether the relief prayed would be attended with hardship or not; or whether a superior or inferior equity arises on the part of the applicant. See Story's Equity, sections 692 et. seq.; and Willard's Eq. Jur., 302 et. seq." *Thomas* v. *McCue,* (Wash.) 53 Pac. 161 states that, "A court of equity in rescinding a contract, proceeds upon the assumption that it can result in no injustice to place both parties in the position in which they were prior to the making of the contract."

We are of opinion therefore that the facts do not justify relief by rescission, and further that the rights of the parties

should be finally determined in this suit, and for that pur-
pose the cause will be remanded to ascertain the amount of
damages, if any, to which the plaintiff is entitled.

*Reversed and remanded.*