STATE *ex rel.* DUDLEY CYRUS RIDDLE

*v.*

THE DEPARTMENT OF HIGHWAYS OF WEST VIRGINIA
AND WILLIAM S. RITCHIE, JR., *Commissioner of
the Department of Highways of West Virginia*

(No. 12940)

Submitted January 13, 1971.     Decided February 16, 1971.

*Baer & Napier, William K. Napier,* for relator.

*Claude H. Vencill,* Legal Division, West Virginia Department of Highways, for respondents.

HAYMOND, JUDGE:

In this original mandamus proceeding, instituted in this Court March 3, 1970, the petitioner, Dudley Cyrus Riddle, seeks a writ to compel the defendants, the Department of Highways of West Virginia and William S. Ritchie, Jr., Commissioner of the Department of Highways of West Virginia, to institute an eminent domain proceeding against the petitioner in the Circuit Court of Wayne County, West Virginia, to ascertain damages to a tract of land of 8.82 acres owned by the petitioner caused by the relocation of West Virginia State Route 75 in Wayne County, West Virginia, which deprived the petitioner of an alleged right of way or easement which afforded him access to and from the 8.82 acre tract to old State Route 75 before its relocation and to Wayne Avenue, a public highway in or near the city of Kenova.

Upon the petition and its exhibits consisting of two maps showing the location of the land of the petitioner and the relocation of State Route 75, this Court issued a rule returnable May 12, 1970. By agreement of the parties and leave of this Court the proceeding was continued from time to time until January 13, 1971, at which time it was submitted for decision upon the petition, the demurrer, the answer, the special plea of the statute of limitations of the defendants, the depositions of witnesses in behalf of the petitioner and the briefs and the oral arguments in behalf of the respective parties.

By deed dated February 7, 1919, the tract of 8.82 acres of land now owned by the petitioner was conveyed to his parents Lawrence Riddle and Leva Riddle by Kenova-Huntington Land Company and by deed dated June 30, 1961 the same land was conveyed by Lawrence Riddle and Leva Riddle to the petitioner. In both deeds the land is designated as a tract or parcel of land situate south of the city of Kenova, in Wayne County, West Virginia, and the description states that it begins at a stake in the center line of a 30 foot road 4856.3 feet distant from the intersection of 13th Street and 11th Street as indicated by a plat of Kenova attached to an earlier deed made in 1892 and recorded in the office of the Clerk of the County Court of Wayne County, West Virginia. The first line of the description extends along the road for a distance of 15 feet to a stake at the edge of the road. From that point the boundaries leave the road and follow various courses and distances to the point of beginning. Neither deed describes or locates the road and neither deed conveys any easement or right of way for ingress and egress from the tract of land to 13th Street or 11th Street and the deed contains no description or indication of the location of the road to or from the intersection of 13th Street and 11th Street or Wayne Avenue. The map filed as Exhibit No. 1 with the petition showing the location of the 8.82 acre tract is not a duly recorded map of any addition to the city of Kenova but appears to be a portion of a larger map of the area made by the State Road Commission and used by it in connection with the relocation of State Route 75. Although the map shows a "DEDICATED ROAD NOT CONSTRUCTED" extending from the petitioner's tract of land and over tracts of land designated as Nokie Gillette and

Hazel Kelly and Eulin Pelfrey to Wayne Avenue, the dimensions of the road are not shown by the map.

The petitioner testified that the road indicated on the map existed and extended to Wayne Avenue from 1919, the date of the deed to Lawrence Riddle and Leva Riddle, and his son and two other witnesses testified that the road had been used at least since 1942 by his father, by Lawrence Riddle and other members of his family, and by other persons in going to and from Wayne Avenue. The evidence, however, does not show how often the road was used by the petitioner or his father or other members of the family in going to or from Wayne Avenue to the 8.82 acre tract which was hilly and unimproved land. There was, however, some evidence that the owner of the land at times used a portion of it as a place to hunt and for farming and pasturage. The evidence does not show the dimensions of the road in width or length other than the deed recitals that the beginning point of the description of the 8.82 acre tract was located in the center of a 30 foot road, or that the use of the unconstructed road was continuous or adverse, or that the 8.82 acre tract was a part of any addition to the city of Kenova shown by any plat of such addition indicating that lots of such addition abutted on streets of an addition or that any plat of such addition was admitted to record in the office of the Clerk of the County Court of Wayne County, or that any such plat showed the "DEDICATED ROAD NOT CONSTRUCTED" indicated on the map of the State Road Commission filed as an exhibit with the petition in this proceeding. Moreover, the evidence does not show that the owner of the land of which the tract of 8.82 acres is a part at any time caused the land to be surveyed and platted into lots, streets and alleys according to a recorded or unrecorded plat and sold any of the lots by reference to such plat so as to constitute either a public or private dedication of the streets and alleys to the use of the public or the purchasers of such lots.

State Route 75 was relocated about 200 feet from the tract of land of the petitioner and was constructed upon a fill about 75 feet high and, according to the petitioner, has positively and permanently destroyed the means of ingress and egress to

his land. State Route 75 as relocated, however, does not occupy or encroach upon any portion of the 8.82 acre tract. The claim for damages which the petitioner seeks to have ascertained and determined in an eminent domain proceeding is for the destruction of his alleged right of access from the 8.82 acre tract of land to and from a public highway which right, if sufficiently established by proof, is a property right of which the petitioner can not be deprived without just compensation. See *State ex rel. Wiley v. State Road Commission of West Virginia,* 148 W.Va. 76, 133 S.E.2d 113; *State ex rel. Ashworth v. The State Road Commission of West Virginia,* 147 W.Va. 430, 128 S.E.2d 471.

This Court has said that generally there are three methods by which a public road or highway may be established, namely, by condemnation, by continuous and adverse use by the public for the statutory period accompanied by some official recognition of such road by public authority, and by dedication of the land by its owner to public use, or by his written consent to such use, and acceptance of the dedication by the proper authorities. *Ryan v. The County Court of Monongalia County,* 86 W.Va. 40, 102 S.E. 731.

By Section 3, Article 1, Chapter 17, Code, 1931, as amended, a road will be conclusively presumed to be established as a public road if it has been used by the public for a period of ten years or more and public moneys or labor duly authorized by a public agency or official empowered to maintain, repair or accept such road have been expended on it. *The State Road Commission of West Virginia v. Oakes,* 150 W.Va. 709, 149 S.E.2d 293; *Baker v. Hamilton,* 144 W.Va. 575, 109 S.E.2d 27; *Monk v. Gillenwater,* 141 W.Va. 27, 87 S.E.2d 537.

Mere use of a road will not make a road a public road even though such use is with the knowledge and consent of the landowner unless the use is accompanied by an order showing its recognition by public authority or by its maintenance by such authority. *The State Road Commission of West Virginia v. Oakes,* 150 W.Va. 709, 149 S.E.2d 293, and the cases cited in the opinion in that case.

No dedication to public use arises when a landowner subdivides land into lots, streets and alleys as shown upon a recorded plat until and unless the proper public authority either expressly or by clear implication accepts such dedication. *Rose v. Fisher,* 130 W.Va. 53, 42 S.E.2d 249, 172 A.L.R. 160. When, however, a landowner subdivides a tract of land into lots, streets and alleys and sells lots by reference to a plat, whether or not such plat is duly recorded, purchasers of such lots become entitled to such use of the streets and alleys appearing on such plat as is necessary to the complete enjoyment of such lots independently of whether or not there has been a dedication of such streets and alleys to the public and an acceptance of such dedication by a public authority. *Deitz v. Johnson,* 121 W.Va. 711, 6 S.E.2d 231; *Rudolph v. Glendale Improvement Company,* 103 W.Va. 81, 137 S.E. 349; *Griffin v. Richardson,* 83 W.Va. 442, 98 S.E. 523; *City of Elkins v. Donohoe,* 74 W.Va. 335, 81 S.E. 1130; *Edwards v. Moundsville Land Company,* 56 W.Va. 43, 48 S.E. 754; *Cook v. Totten,* 49 W.Va. 177, 38 S.E. 491, 87 Am. St. Rep. 792. In Point 1 of the Syllabus in the *Cook* case this Court said: "If a land owner lays off a tract of land into lots, streets, and alleys for a town or an addition thereto, has a map made thereof and recorded, and sells lots with reference thereto without reservation, he cannot withhold from such lot purchasers the use of such streets and alleys until the dedication thereof is accepted by the public authorities, but such lot purchasers are entitled to the immediate use of all such streets and alleys necessary to the complete enjoyment of their property." In the absence of an acceptance of the dedication resulting from the sale of lots with reference to a plat of an addition the dedication is regarded as a private dedication instead of a public dedication. See *Rose v. Fisher,* 130 W.Va. 53, 42 S.E.2d 249, 172 A.L.R. 160.

To establish an easement over land by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land over which such easement is claimed, which is known to and acquiesced in by such owner; but if the use is by permission of the owner an easement is not created by such use. *State ex rel. Cutlip v. Sawyers,*

147 W.Va. 687, 130 S.E.2d 345; *Holland v. Flanagan,* 139 W.Va. 884, 81 S.E.2d 908; *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280; *Post v. Wallace,* 119 W.Va. 132, 192 S.E. 112; *Linger v. Watson,* 108 W.Va. 180, 150 S.E. 525; *Hall v. Backus,* 92 W.Va. 155, 114 S.E. 449; *Crosier v. Brown,* 66 W.Va. 273, 66 S.E. 326, 25 L.R.A.(N.S.) 174. In *Hall v. Backus,* 92 W.Va. 155, 114 S.E. 449, this Court said in Point 3 of the Syllabus that "Use of an open way in common with the owner of the land on which it is and the public in general, is presumptively permissive and not exercised under a claim of right, in the absence of proof of some act on the part of the person so using it, or circumstances under which he used it, showing a claim of exclusive or peculiar right in him, distinct from that of the general public."

As already indicated there is no proof in behalf of the petitioner that the alleged road designated on the map filed as Exhibit 1 as "DEDICATED ROAD NOT CONSTRUCTED," if dedicated, was ever accepted as a public road by any public authority or that lots including the 8.82 acre tract of the petitioner designated on the map exhibit 1 as 25A or any other lots indicated on that map were ever sold with reference to any map or plat showing streets and alleys, or that the petitioner or any former owner of the 8.82 acre tract ever acquired by prescription or otherwise an easement affording access to and from that tract to a public road. Consequently the evidence fails to show that the petitioner was the owner of any right of access to and from his land to a public highway for the destruction of which he is entitled to recover damages in a proceeding in eminent domain.

But even if the petitioner had established his right to such access and that such right of access was destroyed by the relocation by the defendants of State Route 75 his right to recover any such damages is barred by the applicable statute of limitations which has been pleaded as a defense in this proceeding. Petitioner admits in his petition that the work of relocating State Route 75 had been completed for a period of four or five years at the time the petition was filed March 3, 1970. The applicable statute of limitations, Section 12, Article 2, Chapter 55, Code, 1931, as amended, which was in effect

when the relocation of State Route 75 was completed, provides that every personal action for which no limitation is otherwise prescribed shall be brought within two years next after the right to bring the same shall have accrued if it be for damages to property; and it has been held by this Court that this statute applies as a bar to any claim for damages to property recovery of which may be had in an eminent domain proceeding the institution of which may be required by mandamus. *State ex rel. Ashworth v. The State Road Commission of West Virginia*, 147 W.Va. 430, 128 S.E.2d 471. See also *State ex rel. Dunn v. Griffith*, 139 W.Va. 894, 82 S.E.2d 300.

This Court has uniformly held in many cases that he who seeks relief by mandamus must show a clear legal right to the remedy. *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644, 177 S.E.2d 791, and the many cases cited in the opinion in that case.

As the petitioner has not satisfied the requirement of showing a clear legal right to the remedy which he seeks in this proceeding, the writ of mandamus, as prayed for in the petition, is denied.

*Writa denied.*