RULEY, JUDGE:
The claimants in these consolidated cases allege that the respondent .unlawfully cut down a total of fifty-seven trees belonging to them and ask for treble damages as provided in Code §61-3-48a, “Cutting, damaging or carrying away without permission, timber, trees, growing plants or the products thereof;- treble damages provided.” The respondent does not deny that the trees in question were beyond the thirty-foot right of way (15 feet from center) on Secondary Route 9/3 in Jefferson County, but contends that the trees were within a prescriptive easement enjoyed by the State along the road.
There is no question that the trees were beyond the thirty-foot right of way the Department of Highways enjoys. Hark *116 v. Mountain Fork Lumber Co., 127 W.Va. 586, 34 S.E.2d 348 (1945). The right of way may also include, however, embankments, slopes, ditches, and other areas necessary for the maintenance of travel. W.Va. Code §17-1-3, Hark, supra. If the land on which the trees stood had been maintained by the State as part of the road for at least ten years, the respondent would not be liable. Riddle v. Department of Highways, 154 W.Va. 722, 179 S.E.2d 10 (1971). But the evidence indicates that the area in question had not been a part of the roadway, had not been in “continued and uninterrupted use or enjoyment for at least ten years” (Riddle, supra) by the State. In fact, the cutting of the trees was the first step in the respondent’s plan to widen the road in 1971. The respondent’s agents wrongfully cut the trees, and, even though they believed they had a right to do so, the respondent is liable to the claimants for damages.
The claimants seek recovery of treble damages under the provisions of Code §61-3-48a, which read:
“Every person, firm, association, partnership or corporation, who shall cut, damage, or carry away without permission from the rightful owner thereof, any timber, trees, logs, posts, fruit, nuts, growing plant or product of any growing plant, shall be liable to the rightful owner to the amount of three times the value of such as damages, which shall be in addition to and notwithstanding any other penalties by law provided.”
Although the same subject, viz., unlawful cutting of trees, was involved in Blair v. Department of Natural Resources, 9 W.Va. Ct. Cl. 69 (1972), the issue of treble damages was not addressed expressly by the Court and it awarded only compensatory damages. In 52 Am. Jur. 2d “Logs and Timber”, §135, p. 101, under a subheading relating to punitive and multiple damages, it is stated:
“§135. Generally.
In many states, statutes have been enacted providing for double or treble damages and penalties in certain circumstances. Many of these statutes expressly pertain to trespass on timberlands and provide for double or treble damages for the cutting or removal of timber. In some *117 states, the statute is regarded as remedial and not penal, notwithstanding a provision therein for treble damages. But it has been held that equity will not decree multiple damages under such enactments, because such damages are in the nature of penalties which are not enforceable in courts of equity(Emphasis supplied)
Code §14-2-13 confers upon this Court jurisdiction of “Claims and demands * * * which the State as a sovereign commonwealth should in equity and good conscience discharge and pay. * * *” While that statute does not make this Court a court of equity, it is our opinion that, when it and other related statutes are considered together, it appears implicit that equitable principles should govern the amount of awards which this Court makes. In addition, in 52 Am. Jur. 2d “Logs and Timber”, §137, p. 103, it is stated:
“It is generally held that where timber is cut or carried away under a bona fide mistake of fact, as, for example, where the trespasser believes that he is on his own land or the lands of another upon which he is authorized to go, the penalty statutes do not apply, even though they contain no exculpatory provisions. * * *”
and there is no evidence in this case that the respondent cut the claimants’ trees under anything other than a bona fide mistake of fact. For these reasons, we believe that compensatory rather than treble damages should be awarded.
The evidence shows that the respondent cut 30 trees on the Testa property. They were of mixed variety, many of them hackberry, but others were walnut, elm, ash, hickory, cherry, and locust, ranging in size from 0.4 feet to 2.0 feet in diameter. The evidence shows that the respondent cut 27 trees of similar mixed variety and size on the Shah property. There was an uncommon divergence of expert opinion evidence as to the value of the trees, ranging from $332.24 to $11,602.50 for the Testa trees, and from $107.75 to $9,601.10 for the Shah trees. The opinions as to the lower sums were “forest tree” value and were based on the premise that only value for timber should be considered. However, the undisputed evidence is that the trees were in proximity to Secondary Route 9/3 along the back side *118 of the Testa and Shah properties, and that, although they were located a substantial distance from dwelling houses, they did have functional use in screening for privacy, abatement of highway noise, and as a windbreak. The opinions as to the higher sums were expressed by Donald S. Frady, a nationally respected arborist of Falls Church, Virginia, but it appears that they were based, at least in part, upon “shade tree” value and utilized the “shade tree formula”. It appears that neither the “forest tree” nor the “shade tree” label or classification fits the facts of this case very well. In view of all of the evidence, it is the opinion of the Court that $4,500.00 would be a fair compensation for the damage sustained by the claimants Testa, and $3,500.00 would be a fair compensation for the damage sustained by the claimants Shah.
Judge Wallace disqualified himself and did not participate in the consideration of these claims.
Award of $4,500.00 to Fred K. Testa and Claudia I. Testa.
Award of $3,500.00 to Saleem A. Shah and Theresa A. Shah.