662 S.E.2d 503

**Michelle L. FORD, et al., Plaintiffs Below, Appellants**

v.

**Gary DICKERSON, Sr., Gary Dickerson, Jr., and Terrie Dickerson, Defendants Below, Appellees.**

No. 33449.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 2008.

Decided Feb. 27, 2008.

Patrick L. Cottrell, Esq., Charleston, WV, for Appellants.

Benjamin M. Conaway, Esq., Conaway & Conaway, Madison, WV, for Appellees.

PER CURIAM.

The appellants filed a civil complaint seeking to enjoin the appellees from obstructing Second Avenue and Fifth Street in the unincorporated Town of Jeffrey, Boone County. The appellants contend in their complaint that Second Avenue and Fifth Street are public roads. The trial court granted the appellees' summary judgment motion and dismissed the case with prejudice. The appellants appealed the dismissal to this Court.

For the reasons stated, *infra,* we affirm.

I.

On March 9, 2005, the appellants [1] filed a *pro se* complaint against Gary Dickerson, Sr., Terrie Dickerson, and Gary Dickerson, Jr., ("Dickersons") seeking to have Second Avenue in the Town of Jeffrey declared a "legal and public" street. The appellants also sought the removal of obstructions in Second Avenue which the appellants claimed were placed there by the Dickersons.

On April 6, 2005, the Dickersons, by counsel, filed a motion to dismiss the complaint. Subsequently, the appellants obtained counsel and by agreed order dated September 26, 2005, the trial court permitted the appellants to file an amended complaint.

On November 14, 2005, the appellants filed an amended complaint asserting, among other things, that since the filing of the appellants' original *pro se* complaint, the Dickersons had also placed obstructions upon Fifth Street in the Town of Jeffrey, thereby adding Fifth Street in their amended complaint to be considered as a "legal and public" street. On November 18, 2005, the Dickersons filed an answer to the appellants' amended complaint, and a counterclaim asserting that the appellants had also placed obstructions on Second Avenue and Fifth Street.

On April 24, 2006, the trial court held a status conference and ordered that the Dickersons be permitted to convert their motion to dismiss to a motion for summary judgment, that discovery be permitted, and established a scheduling order. On June 15, 2006, the Dickersons filed a motion for summary judgment claiming that the appellants could produce no evidence supporting their contention that Second Avenue and Fifth Street were public roads, and that the appellants could produce no evidence to prove that Second Avenue and Fifth Street were accepted as a public street or road by a public authority.

On July 12, 2006, the appellants filed a response to the Dickersons' motion and attached several exhibits to support their claim

---

1. The appellants in this case are: Michelle L. Ford, Robert L. Elkins, Glendyne E. Elkins, Marsha Akers, Terry Ball, Brenda S. Ball, Tina Akers, Nina Meddings, Paul A. Akers, and Lewis Akers. All of the appellants list their address as Jeffrey, West Virginia.

that Second Avenue and Fifth Street are public roads.

On July 17, 2006, the trial court heard arguments of counsel in this case and took the case under advisement. On November 13, 2006, the court entered an order granting the Dickersons' summary judgment. In its order the court stated that there was "no clear satisfactory or unequivocal evidence present to show that the roads in question were accepted roads. Without said evidence the plaintiff cannot prove the roads are public roads." The court dismissed the case with prejudice.

## II.

In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) this Court held: "A circuit court's entry of summary judgment is reviewed de novo." In Syllabus Point 4 of *Aetna Cas. & Sur. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) this Court held:

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

In Syllabus Point 2 of *Aetna Cas. & Sur. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) this Court held: "On a motion for summary judgment all papers of record and all matters submitted by both parties should be considered by the court."

Well-settled law is found in Syllabus Point 4 of *Ryan v. Monongalia County Court*, 86 W.Va. 40, 102 S.E. 731 (1920), where this Court explained the methods by which a road becomes public:

> Generally there are but three methods by which the public may acquire a valid right to use land owned by another as and for a public road or highway: (1) By condemnation proceeding, with compensation to the property owner for the damage resulting from such forceful taking; (2) by

continuous and adverse user by the public during the statutory period, accompanied by some official recognition thereof as a public road by the county court, as by work done on it by a supervisor acting by appointment of that tribunal; (3) by the owner's dedication of the land to the public use, or by his consent to such use given in writing, and acceptance of the dedication by the proper authorities.

*See also State ex rel. Riddle v. Department of Highways*, 154 W.Va. 722, 725, 179 S.E.2d 10, 13 (1971).

In the instant case the appellants argue that Second Avenue and Fifth Street became public roads by the third *Ryan* method—"by the owner's dedication of the land to the public use, or by his consent to such use given in writing, and acceptance of the dedication by the proper authorities." However, according to *Ryan*, in order to be successful, the appellants must satisfy both parts of this method—dedication and acceptance. Additionally, for the appellants to survive summary judgment, it must be clear that a genuine issue of material fact exists and that inquiry into such fact or facts is required to clarify application of the law.

Since the trial court order[2] granting the appellees' summary judgment motion turned on whether or not Second Avenue and Fifth Street had been *accepted* by a proper public authority, we will begin our analysis with that aspect of the case.

In Syllabus Points 1, 2 and 4 of *City of Point Pleasant v. Caldwell*, 87 W.Va. 277, 104 S.E. 610 (1920), this Court held:

1. In order to acquire title to the streets and alleys shown upon a plat by which it is proposed to dedicate them to the public, the municipality or other proper public authority must accept the same.

2. This acceptance may be by some order or resolution of the proper municipal authorities, or it may be implied from their acts in connection with the streets so proposed to be dedicated, such as making

---

2. The trial court's final order states, in part, as follows:

In the present case no clear, satisfactory or unequivocal evidence was presented to show that the roads in question were accepted. Without said evidence the plaintiff cannot prove that the roads are public roads.

improvements thereon, taking charge thereof, and assuming control thereover.

4. Where the owner of a tract of land lays the same off into lots, streets, and alleys, and makes a plat thereof, and offers to dedicate the streets and alleys shown upon such plat to the public, the public authorities may accept such dedication in whole or in part. If an acceptance by implication is relied upon, the acts which it is contended work such implied acceptance must show a clear intent to treat and consider the streets and alleys thus offered as public streets and alleys.

■ The appellants argue, in part, that a November 7, 2000, Boone County Commission order in which the Commission refused an application by the Dickersons to close Second Street pursuant to *W.Va.Code,* 7–1–3h [1967] [3] is evidence that the County Commission accepted a dedication of Second Avenue. There is, however, no requirement in *W.Va.Code,* 7–1–3h that a road at issue be a public road. Furthermore, the Boone County Commission order refusing closure of Second Avenue contains no language finding that Second Avenue is "public" or "private," nor does the commission order contain any language which would indicate acceptance by the County Commission of a dedication of Second Avenue as a public road. Also, there is no language in the Commission's order to suggest that there was ever an implied acceptance as contemplated in Syllabus Point 4 of *City of Point Pleasant, supra,* where we held that any "... implied acceptance must show a clear intent to treat and consider the streets and alleys thus offered as public streets and alleys." The Commission's order does nothing more than deny the application to close Second Avenue.

■ The appellants also argue, in part, that the West Virginia Division of Highways recognized Second Avenue as a public road as evidenced by certain correspondence from the West Virginia Governor's Office and the West Virginia Division of Highways. This argument, however, is negated by the record. The record contains correspondence from

State government officials to Brenda Ball, one of the appellants, which appear to be in response to Ball's effort to have Second Avenue included into the State highway system, or possibly roadway changes which would affect Second Avenue, or both. By letter dated August 6, 2004, to Brenda Ball, the Division of Highways denied the request to include Second Avenue into the State Highway System.

■ The appellants also argue that the recording with the County Clerk of certain maps depicting Second Avenue and Fifth Street as roads establishes that a genuine issue of material fact exists on the question of whether Second Avenue and Fifth Street have been dedicated for public use. The appellants further point to various references to recorded maps in deeds depicting Second Avenue and Fifth Street as support for the appellants' position. Assuming, *arguendo,* that the recorded maps and deeds are sufficient to establish *dedication* to public use by the owner of the subdivided land, the second prong of *Ryan, supra* remains unresolved, i.e., *acceptance* of the dedication by an appropriate public authority.

■ We find no case law to support the appellants' contention that recorded maps and deed references constitute proof that the dedication has been *accepted* by an appropriate public authority. In Syllabus Point 1 of *Rose v. Fisher,* 130 W.Va. 53, 42 S.E.2d 249 (1947), the Court stated:

No dedication to public use arises upon the subdividing of land into lots, streets and alleys as shown upon a recorded plat, *until and unless the proper public authority* either expressly or by clear implication accepts the dedication so tendered.

(Emphasis added.) *See also State ex rel Riddle v. Department of Highways,* 154 W.Va. 722, 726, 179 S.E.2d 10, 13 (1971).

■ Finally, appellants cite *W.Va.Code,* 17–1–3 [1989] in their brief. This provision provides, in part, as follows:

streets, and travel ways."

---

**3.** *W.Va.Code,* 7–1–3h provides a procedure for county commissions to close "unused roads,

The words or terms "road," "public road," or "highway" shall be deemed to include, but shall not be limited to, the right-of-way, roadbed and all necessary culverts, sluices, drains, ditches, waterways, embankments, slopes, retaining walls, bridges, tunnels and viaducts necessary for the maintenance of travel, dispatch of freight and communication between individuals and communities; and such public road or highway shall be taken to include any road to which the public has access and which it is not denied the right to use, or any road or way leading from any other public road over the land of another person, and which shall have been established pursuant to law. *Any road shall be conclusively presumed to have been established when it has been used by the public for a period of ten years or more, and public moneys or labor have been expended thereon, whether there be any record of its conveyance, dedication or appropriation to public use or not.* In the absence of any other mark or record, the center of the traveled way shall be taken as the center of the road and the right-of-way shall be designated therefrom an equal distance on each side, but a road may be constructed on any part of the located right-of-way when it is deemed advisable so to do.

. . .

(Emphasis added.) However, the appellants provided no evidence to the trial court that the streets in question were either used by the public for ten or more years or that public monies or labor had been provided for the maintenance of the streets.

We therefore conclude that there is no legal support for the appellants' claims that Second Avenue or Fifth Street are public roads or public ways. Furthermore, from a careful examination of the entire record, we also conclude that there exists no genuine issue of material fact with respect to the question as to whether or not Second Avenue

and Fifth Street have been accepted by a proper public authority.

### III.

Based upon the foregoing, we affirm the judgment of the trial court.[4]

Affirmed.

---

**4.** The issue in this case relates only to whether or not Second Avenue and Fifth Street are public roads or public ways and not whether the appel-

lants have a private right to the use of Second Avenue and Fifth Street.