## 33563. JACKSON ELECTRIC MEMBERSHIP CORPORATION v. ECHOLS et al.

DECIDED SEPTEMBER 12, 1951.

*George W. Westmoreland,* for plaintiff.

*Rupert A. Brown, R. Howard Gordon,* for defendants.

WORRILL, J. The Jackson Electric Membership Corporation sued Mrs. C. C. Echols and her husband C. C. Echols to enjoin their interference with their agents in the erection of an electric power transmission or distribution line across the property of the defendants. The plaintiff based its claim of right upon a blanket form of easement executed by Mrs. Echols in August 1941, which conveyed to the plaintiff the right to enter upon the described lands of the defendant and "to place, construct, operate, repair, maintain, relocate and replace thereon and in or upon all streets, roads or highways abutting said lands an electric transmission or distribution line or system, and to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric lines or system to cut down from time to time all dead, weak, leaning or dangerous trees that are tall enough to strike the wires in falling." By this instrument no particular location of the right-of-way or easement was specified.

The defendants answered admitting that the plaintiff was granted the easement, but setting up that the plaintiff had erected and completed a line or system of lines over the defendants' property prior to beginning the present job and that the original construction exhausted the easement granted and that it would be necessary for the plaintiff to obtain permission or condemn a new right-of-way before it could erect additional lines, and

that neither of these things had been done. The defendant set up that the erection of this additional line over her property would damage her in the amount of $350 and she prayed judgment for that amount against the plaintiff and for an injunction to restrain further trespasses by the plaintiff. All equity features of the case having been eliminated by certain interlocutory rulings of the trial court and by the fact that pending the litigation the plaintiff had, under such interlocutory rulings, completed the erection of the line or facilities in question, the case was tried as to the question of damages only, the trial court instructing the jury that the plaintiff had no right under the original easement to erect the additional line in question without first condemning a right-of-way or obtaining another easement, but that the jury should find for the defendant in some amount, either actual or nominal damages. The jury returned a verdict for the defendant for $350, the plaintiff made a motion for a new trial on the general grounds and on two special grounds, which was overruled, and the exception here is to that order.

Without elaborating on the issues raised by the special grounds of the motion for a new trial, it is sufficient to say that the points raised and argued by counsel boil down simply to whether the plaintiff had the right under the easement to erect the line in question. If it did, the verdict for the defendant was improperly directed, otherwise properly so. The evidence discloses that the instrument relied on by the plaintiff was executed on August 2, 1941. While the record does not disclose just when the original line was constructed under this easement, all parties agree that the construction of the original line, by which service was extended to the defendants' house and on past that point, had been completed for a considerable time prior to the beginning of the construction of the line in question—some three or four years, at least. This latter line appears to have been a branch line running from the original line to extend service to a neighbor of the defendants. While the easement relied upon by the plaintiff did not specifically designate the location or the extent of the line or system of lines to be erected on and over the defendants' lands, the subsequent erection of a line and the termination of the work thereon for a considerable period of time operated to fix and determine this feature of the contract. *Gas-*

*ton* v. *Gainesville &c. Ry. Co.*, 120 *Ga.* 516(1) (48 S. E. 188). Having thus established the location of the line or system which was intended to be permitted by the easement, the plaintiff was thereafter precluded, after the lapse of a substantial period of time from the erection of the original line or system to enter upon the defendants' lands and take additional portions thereof for the erection of an extension or extensions of the line or system without first obtaining from the defendants a further or additional easement or by a proper condemnation proceeding. *Martin* v. *Seaboard Air Line Ry. Co.*, 139 *Ga.* 807(1a) (77 S. E. 1060). To construe the original easement in any other manner would be to authorize the plaintiff to eventually take all the defendants' land if the necessities of their business dictated, without requiring the payment of any additional damages or compensation to the defendants no matter how great the defendants' losses might be as a result thereof. This was clearly not the intention of the parties to the instrument. Certainly the defendants did not intend to convey to the plaintiff blanket authority to take any and all their land whenever it might suit the convenience or necessity of the plaintiff, without requiring the plaintiff to pay such damages as might accrue as a result of such taking.

The trial court did not err, therefore, in instructing the jury that the plaintiff had no right under the original easement to use the defendants' lands for the purpose of erecting this additional line or system without first paying the defendants for the damage thus inflicted, and in thereafter overruling the motion for a new trial on the special grounds thereof.

There was ample evidence authorizing the verdict found, and the trial court did not err in overruling the motion on the general grounds.

*Judgment affirmed. Sutton, CJ., and Felton, J., concur.*