## 48741. FORDHAM v. BATEMAN et al.

DEEN, Judge. Fordham sold Bateman some land, retaining for himself 22 contiguous acres otherwise landlocked, the deed of sale reciting that the grantor retained "a permanent easement which runs with the land [of the use of a described existing private road]. . . but said easement is strictly limited to the regular use of said private road for means of ingress and egress of farm trucks and automobiles of a maximum capacity of two tons and farm machinery of the type necessary to the cultivation and harvesting of farm crops on the adjacent lands of the grantor." The complaint alleges that Bateman refused to allow anything to pass over the road except a vehicle of less than two tons, which renders the plaintiff's land useless except for small agricultural enterprises, and he seeks to have a 15-foot way of necessity superimposed on the 22-foot easement he now has for these restricted purposes. He further alleges that he has leased a part of his remaining land for purposes of outdoor advertising and Bateman refuses to allow the lessor to bring the signs across his road. Bateman filed a motion to dismiss for failure to state a claim which was granted by the trial court, and the appeal is from this judgment. *Held:*

1. Code Ann. § 83-101 et seq. represents one of the very few instances in real estate law where a right of condemnation inures to a private individual, but it does do so where the statutory conditions exist. There was, of course, no such right at common law, and the original Act of 1834 allowed ordinaries in the first instance to grant private ways to individuals to go from and return to their *farms or places of residence.* The law was entirely rewritten in Ga. L. 1967, p. 143 et seq., and we are now called

on to construe the extent to which a way of necessity may be granted. The provisions limiting the land to farms and places of residence has been repealed; a person or corporation may seek a way of necessity when he has "no means of access, ingress, and egress," according to Code Ann § 83-101 (b). The petition is filed in the superior court, and the judge may end the proceedings where the condemnor already owns such right over another route, "and such alternate route affords. . . a reasonable means of access, ingress, and egress, or the judge shall find that the exercise of such right of condemnation by the condemnor is otherwise unreasonable." The judge dismissed this petition on motion, apparently being of the opinion that if the proposed condemnor had any easement at all he could not bring such a proceeding.

We do not agree. When the vendor appellant, like a workman painting himself into a corner, parted with his land under the deed stipulations he cut himself off from every possible use of his land except agricultural purposes. It would be very difficult, for instance, to build a residence on this 22-acre tract if no vehicle of more than two tons could enter, and no machinery could be brought in except that necessary for the cultivation and harvesting of crops. For these purposes the condemnor already has an adequate easement, for all other purposes he has none at all. The plaintiff's situation therefore much resembles that of *Jackson Electric Membership Corp. v. Echols,* 84 Ga. App. 610 (66 SE2d 770). There the landowner, Echols, entered into a written agreement granting the corporation an easement to erect an electric transmission and distribution system over her land, which the corporation did. The easement relied on did not specifically designate the extent or location of the system to be erected, but when one was erected and maintained in reliance on the agreement this defect was cured. After a lapse of time the corporation sought to enter on the land for the purpose of erecting substantial additions and extensions to the system. This the electric company has no right to do, except by bringing another condemnation proceeding for the additional and extended uses to which it needed to subject the land.

The situation here is the same. The appellant might well have reserved a suitable easement for himself when he sold off the servient estate, but he failed to do so. The private road, so far as it constitutes an easement to his property, does so only for limited agricultural purposes. For any other business or

agricultural use no easement exists to him, and it is necessary for him to obtain it by private purchase or condemnation. Since the road already exists, the "way of necessity" here is not so much a matter of geography as of manner of use. It is only reasonable that since in its physical form the right of way is 22 feet, and since the Chapter 83 way may be 20 feet in width, the condemnor may bring this action to expand the purposes of the easement as a way of necessity, paying the owner of the servient estate the reasonable value of the increased use. He is not expanding the area to be used. Any other decision would in reality deprive the ostensible fee simple owner of record of the right to its use without transferring such right to any other entity. If it is argued that the owner did this to himself and so worked an estoppel, would it not have to be admitted that the estoppel also runs with the land? This is contrary to public policy and well settled notions concerning the ownership and use of land.

The trial court erred in dismissing the petition.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Quillian and Stolz, JJ., concur. Bell, C. J., Pannell, Evans and Clark, JJ., dissent.* ARGUED NOVEMBER 5, 1973 — DECIDED JANUARY 14, 1974 — REHEARING DENIED FEBRUARY 7, 1974 — ■

*Kelly & Allen, Roy Benton Allen, Jr.,* for appellant.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellees.

BELL, Chief Judge, dissenting. There are two reasons either of which demands an affirmance of the trial judge's dismissal of the complaint for condemnation by a private individual. These reasons are:

1. The statute authorizing an individual to condemn for a private way expressly limits the private way to 20 feet in width. Code Ann. § 83-101. The private condemnor here in his complaint admits that he already had a 22 foot private way. Further, plaintiff seeks to condemn "7-1/2 feet on either side of the center line" of the 22 foot easement he admits he already has. These facts, affirmatively pleaded, conclusively demonstrate that the complaint failed to state a claim on which relief could be granted. Code Ann. § 81A-112 (b) (6).

It makes no difference that the plaintiff himself had by contract voluntarily limited and restricted his use of the 22 foot private way which he had.

2. Title 83 of the Code limits the right of condemnation to "Any person or corporation of this State (who) shall own real estate, or any interest therein, *to which such person or corporation has no means of access, ingress and egress. . ."* Note that the statute makes no provision for one who has an *inadequate* means of access, ingress and egress, but in order to act under Code Ann. § 83-101, he must show that he "has *no means* of access, ingress and egress." Here the individual condemnor admits that he in fact does have access, ingress and egress. Therefore the remedy is not available to him.

The trial court should be affirmed in its dismissal of the complaint.

I am authorized to state that Judges Pannell, Evans and Clark concur in this dissent.