### 28817. BATEMAN et al. v. FORDHAM.

INGRAM, Justice.

This case is here by certiorari to review the decision of the Court of Appeals construing Ga. L. 1967, p. 143, et seq. (Code Ann. § 83-101 et seq.), which provides for the private condemnation of a way of necessity over the land of another. The extent to which a way of necessity is authorized under this statute is the touchstone of our consideration of the case. The facts and reasoning of the Court of Appeals are well stated in the majority opinion of that court, and will be referred to in this opinion to provide the framework of our judgment in the case.

The appellee conveyed by deed to appellant

Bateman 6.47 acres of land in Tift County retaining an easement 22 feet in width subject to a limiting covenant that only vehicles not exceeding a 2-ton capacity and certain farm machinery would travel over the easement. The pertinent language of the covenant limitation contained in the deed between the parties is set out in the Court of Appeals opinion which is reported in 130 Ga. App. 795.

Approximately 11 years after executing the deed containing the limiting covenant to appellant Bateman, the appellee, Fordham, determined that the easement he reserved for himself in the deed was so limited and provided such unreasonable access to his adjoining land that it amounted to no easement at all. Fordham then filed a complaint in Tift Superior Court under the Private Way Condemnation Statute, § 83-101, supra, seeking the condemnation of a 15-ft. wide easement, without the use limitation, in the center of the limited 22 feet in width easement which the appellee reserved in appellant Bateman's deed. The trial court dismissed the complaint holding as a matter of law that Code Ann. § 83-101 et seq., did not authorize the condemnation of a private way by Fordham under the circumstances of this case. On appeal, the Court of Appeals, in a 5-4 decision, reversed the trial court and held that Fordham's complaint stated a claim for relief under the statute. The majority of that court supported its decision with *Jackson Electric Membership Corp. v. Echols,* 84 Ga. App. 610 (66 SE2d 770). In that case, the power company was granted an easement to enter upon the land of another to construct a power system. Four years after its completion, the company attempted to erect new structures on the easement. The court held that only the original construction was contemplated by the earlier easement and that any additional construction on the "exhausted" easement would require either the landowner's permission or the condemnation of a new right-of-way (easement). Applying the principles of decision in *Jackson* to the present case, the Court of Appeals decided that Fordham clearly had such a limited easement over Bateman's land that, except for agricultural purposes, he had no easement at all and the statute authorized

condemnation of an easement by him free of the limiting covenant in the deed.

Any decision made in considering the application of the private way condemnation statute in this case requires a basic choice between enforcing the contractual covenant of the deed of bargain and sale between the parties to the deed and freeing the land by authorizing the cancellation of the covenant between the parties in these proceedings. Both are legitimate and desirable objectives but both cannot be achieved. Our decision reflects what we consider to be the most persuasive legal position on the facts of this case.

We believe the correct solution to the problem of whether the statute is applicable to the facts of this case does not revolve around the reasonableness or unreasonableness of the original easement retained by the appellee Fordham. Instead, it centers upon the covenant in the deed which limited the use of the easement. As recognized by the decision of the Court of Appeals, the easement itself is clearly reasonable since it is wider than an easement contemplated by the statute. The real crux of the problem faced by the appellee, as we see it, is that after reserving a reasonable easement the appellee covenanted to limit his use of the easement and now seeks to rid himself of it. The Court of Appeals decided that this burden of limited use, which the appellee contracted to bear, makes the easement itself so unreasonable that a new easement can be obtained. But what the appellee actually seeks is not to obtain a new easement but to avoid his original covenant with the appellant Bateman.

We do not think the private way statute was intended to authorize the cancellation of this express covenant in the deed by the grantor under the circumstances of this case. Stated affirmatively, the appellee made a contract of bargain and sale with the appellant Bateman. He must abide by the terms of that deed and perform its valid covenant as there is no contention in this case that the covenant limiting the use of this easement is invalid or unenforceable.

As we have determined that this easement is one limited by a covenant and not an "exhausted" easement

of the kind encountered in *Jackson,* supra, we adjudicate only that this statute (Code Ann. § 83-101) does not reach the facts of this case. Therefore, we conclude that appellee's complaint failed to state a claim for relief under the Private Way Condemnation Statute.

*Judgment reversed. All the Justices concur, except Gunter and Jordan, JJ., who dissent. Hall, J., disqualified.*

ARGUED JUNE 10, 1974 — DECIDED JULY 10, 1974.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellant.

*Kelly & Allen, Roy Benton Allen, Jr.,* for appellees.